REGAN, Judge.
The plaintiff in rule, Patrick F. Jackson, Jr., filed this motion against the defendant in rule, his divorced wife, Gladys Austin, ordering her to show cause why a previous award of alimony should not be set aside. He explained therein that he was not in a financial position to continue the alimony payments and that his former wife is gainfully employed and not dependent thereon for her support.
The defendant answered and denied that the plaintiff was financially unable to pay her alimony. She conceded that she was gainfully employed, but asserted that her income was insufficient to provide her with the necessities of life, and therefore, she was in need of some alimony. She also asserted that the plaintiff’s payments of $10.- *266 00 per week were in arrears and therefore, sought judgment against him for $180.00 and requested that this amount be made ex-ecutory.
Judgment was rendered dismissing the plaintiff’s motion, and ordering him to pay $180.00 to the defendant for past due alimony. From that judgment, the plaintiff has prosecuted this appeal.
The record discloses that a judgment of^ divorce, predicated upon two years of separation of the respective litigants was rendered on July 5, 1960. On February 24, 1961, pursuant to a rule filed by the defendant herein, the court ordered the plaintiff to pay her the sum of $10.00 per week as alimony. At that time, the defendant was employed, and the court concluded that her income was not sufficient to provide for her necessities.
To reiterate, on October 17, 1967, the plaintiff filed the present motion asserting as a basis therefor, in addition to his ex-wife’s employment, that he is no longer fiancially able to pay alimony since he was experiencing ill health and because he had remarried and thereafter adopted his second wife’s two children.
In order to substantiate his inability to pay alimony, he explained that he is self-employed and repairs business machines. He shares office space and expenses with his father, who is engaged in the sale of these machines. His income is derived primarily from the repair thereof; however, he is also paid a commission on machines which he sells for his father.
He asserted that over a period of seven and one-half months preceding the filing of this rule, his gross income was $14,347.50 and his business expenses amounted to $11,152.53, leaving a balance of $3,194.97 to support his second wife and her two children as well as to pay alimony to his divorced wife. He related that he had been ill and as a result thereof, he incurred large medical expenses; that because of his illness, he was compelled to employ another person to replace him in his trade at a salary of $95.00 per week, plus reimbursement of automobile expenses. However, this employee was never requested by the plaintiff to appear herein and verify his employment nor did the plaintiff offer to introduce into evidence either the records of his business or his income tax returns. The only evidence offered by him was his uncorroborated self-serving testimony.
The jurisprudence is well settled to the effect that where a litigant fails to produce evidence or witnesses available to him, and no reasonable explanation is made therefor, the presumption is that the production of such evidence or witnesses would have been unfavorable to his cause.[1]
The defendant testified that she receives a gross salary of $325.00, which she earns as an employee of the City of New Orleans. She has worked for the City for the past seven years. Her net take home pay is $244.27, and she estimates that her expenses amount to $245.17.
The trial court concluded that the plaintiff had failed to carry the burden of proof imposed upon him to establish that his financial condition had changed to such an extent that he should no longer be required to pay alimony to his former wife, and therefore rendered judgment dismissing his motion.
In view of the facts disclosed by this record, we are unable to conclude that the lower court erred in refusing to grant the relief sought by the plaintiff. Except in instances of manifest error, a trial court’s factual conclusions should not be disturbed upon review by us.
For the foregoing reasons, the judgment of the lower court is affirmed.
The plaintiff is to pay all costs incurred herein.
Affirmed.

. Martin v. Lehmann, La.App., 147 So.2d 243 (1962).