648 So.2d 459 (1994)
Peggy BUTLER
v.
IBERVILLE PARISH SCHOOL BOARD and Charles T. Bujol.
No. 93 CA 2291.
Court of Appeal of Louisiana, First Circuit.
December 22, 1994.
*460 David K. Nelson, Baton Rouge, for plaintiff-appellant.
L. Phillip Canova, Jr., Plaquemine, and Joseph M. Bertrand, New Orleans, for defendant-appellee.
Before LOTTINGER, C.J., and SHORTESS and CARTER, JJ.
SHORTESS, Judge.
This appeal arises from the dismissal of an Iberville Parish tenured teacher. Peggy Butler (plaintiff) was a certified, tenured teacher employed by the Iberville Parish School Board (defendant). On or about June 23, 1992, defendant notified plaintiff of charges being brought against her for poor professional judgment, dishonesty, and wilful neglect of duty. A school board tenure hearing pursuant to Louisiana Revised Statute 17:443 was subsequently held, after which plaintiff's employment was terminated. On January 6, 1993, plaintiff filed a petition to review defendant's action pursuant to Revised Statute 17:443(B), which allows for full judicial review of teacher removal proceedings conducted by a school board. Defendants filed a Motion for Judgment on the Pleadings with the trial court on March 1, 1993. A hearing was held, and the court denied the motion on March 30, 1993. Plaintiff thereafter filed a Motion for Status Conference to establish deadlines for trial. That motion was denied August 18, 1993. The trial court issued a judgment on August 24, 1993, without a hearing, stating:
Considering the transcripts and exhibits presented to the Court and after having reviewed the transcript and [documentation] in detail,
IT IS ORDERED, ADJUDGED AND DECREED that the Iberville Parish School Board actions and that of Superintendent Charles T. Bujol were based on substantial evidence and were neither arbitrary nor capricious in the termination of Ms. Peggy Butler.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all the requirements of the teacher tenure laws have been followed, specifically LSA-R.S. 17:443. The findings of the School Board pursuant to the due process hearing held on July 22, 1992 dismissing Peggy Butler as a tenure teacher in that system is affirmed.
On appeal, plaintiff contends that she was denied her right to full judicial review.[1] The Louisiana Supreme Court stated the standard of judicial review of a school board's action under the Louisiana Teachers' Tenure Act in Howell v. Winn Parish School Bd., 332 So.2d 822, 824-25 (La.1976), as follows:
While [LSA-R.S. 17:443(B)] by its terms provides for review by the courts and not a trial de novo, the requirement of a full hearing indicates that the legislature intended the courts to exercise a broad scope of judicial review, particularly at the district court level. Thus in Lewing v. De *461 Soto Parish School Board, 238 La. 43, 113 So.2d 462 (1959), this Court noted that under the provisions requiring a full hearing at the district court level, a discharged employee of a school board could present additional evidence to that court.
(Citations omitted.)
Here, the trial court dismissed this action without a hearing and without prior notice to plaintiff.
The law is clear that judicial review does not require a trial de novo, but the teacher may offer evidence which does not duplicate that presented at the school board hearing.[2]Ford v. Caldwell Parish School Bd., 541 So.2d 955, 958 (La.App. 2d Cir.1989); Lewis v. East Feliciana Parish School Bd., 452 So.2d 1275 (La.App. 1st Cir.), writ denied, 458 So.2d 123 (La.1984); Lewis v. East Feliciana Parish School Bd., 372 So.2d 649 (La.App. 1st Cir.), writ denied, 375 So.2d 959 (La.1979).
The court correctly limited its inquiry to a determination of whether the action of the school board was in accordance with the authority and formalities of the Louisiana Teachers Tenure Act and supported by substantial evidence, or conversely, was arbitrary and thus an abuse of discretion. Howell, 332 So.2d at 825. However, plaintiff was never afforded any opportunity to present additional evidence.[3]
The trial court committed legal error by issuing a judgment based solely on the transcript and exhibits and without allowing plaintiff to present additional evidence. This case is hereby remanded in order to allow plaintiff the limited opportunity to present additional evidence. Costs of this appeal are taxed to defendants.
REVERSED AND REMANDED.
NOTES
[1] Plaintiff also complains the school board's action was not based on substantial evidence and was arbitrary and capricious. Because of the result we reach, we pretermit discussion of this assignment of error.
[2] Despite this provision for a full hearing before the district court, the standard of judicial review of a school board's action is still whether there is a rational basis for the board's determination supported by substantial evidence. Howell dictates that the reviewing court must neither substitute its judgment for the judgment of the school board nor interfere with the board's bona fide exercise of discretion. Howell, 332 So.2d at 825.
[3] One of plaintiff's primary complaints is that hearsay from children, which she was never able to confront, counter, or rebut, was permitted.