851 So.2d 1090 (2003)
Sonja WISE
v.
BOSSIER PARISH SCHOOL BOARD.
No. 2002-C-1525.
Supreme Court of Louisiana.
June 27, 2003.
Rehearing Denied September 5, 2003.
*1091 Robert L. Hammonds, Hammonds & Sills, Baton Rouge, Counsel for Applicant.
Jay A. Ginsberg, Charles M. Samuel, III, Rittenberg & Samuel, New Orleans, Counsel for Respondent.
KNOLL, Justice.
This case addresses the question of whether a rational basis supported by substantial evidence existed for the Bossier Parish School Board (School Board) to dismiss Sonja Wise (Wise), a tenured teacher, for willful neglect of duty. After the district court affirmed the School Board's decision, the court of appeal reversed, finding the evidence insufficient to establish Wise's classroom management and instructional deficiencies and that she willfully neglected her duty as a classroom teacher. We granted the School Board's writ application to determine whether the appellate court properly applied the standard of review. Finding that the appellate court substituted its opinion for that of the School Board and impermissibly interfered with the School Board's role as fact finder, *1092 we reverse and reinstate the decision of the School Board and the judgment of the district court.

FACTS AND PROCEDURAL HISTORY
In the 1992-1993 school year, Wise, a teacher of sixteen years with the School Board, was assigned to teach various social studies and language arts classes for sixth, seventh, and eighth grade students at Cope Middle School in Bossier City. During her first year at Cope, she was reprimanded twice during the opening months of the school year by her principal, Tim Gilbert, for sending students unescorted to his office for disciplinary problems. In addition, Kenneth Kruithof, a supervisor of curriculum for the School Board, observed Wise's classroom performance and made formal recommendations for improvement. Although Kruithof formalized specific requirements for Wise in a professional assistance plan, Wise failed to timely submit lesson plans to her principal and to provide a pupil seating chart as required by the plan. On November 4, 1992, Wayne Tinsley, the Director of Personnel for the School Board, informed Wise that he intended to recommend that she be dismissed as a classroom teacher for willful neglect of duty. At that time, Wise was placed on paid leave, pending resolution of her employment status.
On May 20, 1994,[1] W.T. Lewis, the Superintendent of the Bossier Parish School System, notified Wise by letter of the charges against her. The letter informed her of seven formal charges that may be grouped as follows:
 Wise demonstrated willful neglect of duty by referring students to the office in contravention of school policy and the directives of her supervisor on September 22, 1992 and October 5, 1992. (Charges I(A) and (E)).
 Wise refused to sign the form her supervisor, Kenneth Kruithof, prepared after he conducted a formal observation of Wise in her classroom and further made no effort to implement suggestions for improvement given to her by her supervisors. (Charges I(B),(C), (F)).
 Wise failed to implement the Professional Assistance Schedule prepared for her on November 4, 1992, e.g., lesson plans were not timely submitted, seating charts were not turned in timely. (Charges I(D) and (G)).
The letter further advised Wise of her rights regarding the hearing before the School Board, identified the witnesses who may be called to testify against her, and notified her of the date and time of the hearing. The letter concluded with the Superintendent's recommendation that Wise be dismissed as a tenured teacher and that her employment be terminated if the School Board finds substantial evidence supported the charges.
Although the Superintendent's letter advised Wise that the hearing would be held on June 30, 1994, Wise, through her counsel of record, requested that the hearing be postponed until August 2, 1994. Following a lengthy hearing on August 2, the School Board unanimously found Wise guilty of willful neglect of duty as to six of the seven charges and dismissed her from her position as a tenured teacher.
Eleven months later,[2] Wise petitioned the district court for a hearing to review *1093 her dismissal.[3] Wise alleged that the decision of the School Board was erroneous. After reviewing the transcript of the tenure hearing before the School Board,[4] the district court affirmed the decision to dismiss Wise, finding compliance with all procedural requirements in initiating action against Wise and substantial record evidence to support the charges against her. Acknowledging that in reviewing the transcript of the tenure hearing the court was "not to substitute [its] judgment for the finder of facts," the district court specifically found substantial evidence existed for the School Board to find:
 Wise sent students to the school office unattended on more than one occasion after she was instructed not to.
 Wise's contention that she sent students to the school office unattended on instructions of personnel in the principal's office was not supported by the record.
 Wise received negative evaluations from her principal and her supervisor. Although she was given professional assistance plans to address her educational deficiencies and numerous opportunities to correct her teaching inadequacies, she failed to implement the plans provided to improve her teaching methods.
 Wise's contention that her failure to conference with her supervisors was the result of a personality conflict with the principal was not supported by the record.
The court of appeal found the School Board abused its discretion in its dismissal of Wise on the basis of the charges lodged against her. It found that although the specific charges against Wise may have exhibited her unsatisfactory performance as a classroom teacher, the record failed to establish that her failure to address those deficiencies was due to any deliberate or willful act in contravention of a direct order or school policy. In reaching that conclusion, the court of appeal noted that no direct order or policy was presented during the hearing that could have formed the basis for the charge of willful neglect of duty. It concluded that less than satisfactory performance on evaluations and assistance schedules was insufficient to establish that Wise deliberately or willfully neglected her duties. It further found the evidence was insufficient to establish that Wise's acts of referring students to the school office was due to willful neglect of duty. The court of appeal found no rational basis supported by substantial evidence existed in the record to justify the School Board's dismissal of Wise as a teacher because of willful neglect of duty. Therefore, the court of appeal found the School Board abused its discretion in dismissing Wise on the basis of the charges lodged against her. Wise v. Bossier Parish Sch. *1094 Bd., 35,543 (La.App. 2 Cir. 4/3/02), 814 So.2d 699.
We granted the School Board's writ of certiorari to determine whether the court of appeal was correct in its reversal of Wise's dismissal as a classroom teacher. Wise v. Bossier Parish School Board, 02-1525 (La.10/4/02), 826 So.2d 1110.

LAW AND DISCUSSION
The School Board contends that notwithstanding the court of appeal recited the law applicable to a reviewing court's duty with regard to the dismissal of a tenured teacher and recognized the framework of its analysis, it effectively conducted a de novo review of the evidence and erroneously substituted its opinion for that of the School Board.
LA.REV.STAT. ANN. § 17:443(A) governs the dismissal of tenured teachers and provides, in pertinent part:
A permanent teacher shall not be removed from office except upon written and signed charges of willful neglect of duty, or incompetency or dishonesty, or of being a member of or contributing to any group, organization, movement or corporation that is by law or injunction prohibited from operating in the state of Louisiana, and then only if found guilty after a hearing by the school board of the parish or city, as the case may be, which hearing may be private or public, at the option of the teacher.
A permanent teacher who has been removed or disciplined may petition a court of competent jurisdiction for a hearing to review the action of the school board. LA. REV.STAT. ANN. § 17:443(B). The court shall have jurisdiction to either affirm or reverse the action of the school board. Id.
In Howell v. Winn Parish School Bd., 332 So.2d 822 (La. 1976), we held that judicial review of tenure proceedings must be limited to an inquiry of whether the School Board complied with the statutory formalities under Louisiana's Teacher Tenure Law and whether the School Board's findings were supported by substantial evidence. "`Substantial evidence' has been defined as `evidence of such quality and weight that reasonable and fair-minded men in exercise of impartial judgment might reach different conclusions.'" Coleman v. Orleans Parish School Bd., 93-0916 (La.App. 4 Cir. 2/5/97), 688 So.2d 1312, 1315 (citing Wiley v. Richland Parish Sch. Bd., 476 So.2d 439, 443 (La.App. 2 Cir.1985)). In conducting such an examination, the district court must give great deference to the school board's findings of fact and credibility. Arriola v. Orleans Parish Sch. Bd., 01-1878 (La.2/26/02), 809 So.2d 932, 941. Reasons for dismissal are largely in the sound discretion of the school board. Gaulden v. Lincoln Parish School Board, 554 So.2d 152, 157 (La.App. 2 Cir. 1989), writ denied, 559 So.2d 126 (La.1990). Thus, the school board's judgment should not be reversed in the absence of a clear showing of abuse of discretion. Id. Generally, an abuse of discretion results from a conclusion reached capriciously or in an arbitrary manner. See Burst v. Bd. of Com'rs Port of New Orleans, 93-2069 (La.10/7/94), 646 So.2d 955, writ not considered, 95-265 (La.3/24/95), 651 So.2d 284. The word "arbitrary" implies a disregard of evidence or of the proper weight thereof. A conclusion is "capricious" when there is no substantial evidence to support it or the conclusion is contrary to substantiated competent evidence. Coliseum Square Association v. City of New Orleans, 544 So.2d 351, 360 (La.1989).
The district court may not substitute its judgment for that of the school board or interfere with the school board's good faith exercise of discretion. Howard, 793 So.2d at 153; McLaughlin v. Jefferson Parish School Board, 560 So.2d 585 (La. *1095 App. 5 Cir.1990); Sampson v. Lincoln Parish School Board, 439 So.2d 454 (La. App. 2 Cir.1983). The district court's responsibility in such a case is to determine whether the school board's action was supported by substantial evidence, or conversely, constituted an arbitrary decision and thus an abuse of discretion. Howell, 332 So.2d at 825; Roberts v. Rapides Parish School Board, 617 So.2d 187, 190 (La. App. 3 Cir.), writ denied, 619 So.2d 1068 (La.1993). As with the district court, a court of appeal[5] may not reverse the decision of a district court unless it finds the school board's termination proceedings failed to comply with statutory formalities and/or the school board's findings were not supported by substantial evidence. Wiley, 476 So.2d at 442; Cook v. Natchitoches Parish Sch. Bd., 342 So.2d 702 (La.App. 3 Cir.), writ denied, 345 So.2d 52 (La.1977); Mims v. West Baton Rouge Parish Sch. Bd., 315 So.2d 349 (La.App. 1 Cir.1975).
LA.REV.STAT. ANN. § 17:443(A) identifies willful neglect of duty as one of the grounds for removing a tenured teacher. Commenting on the proper dismissal of tenured teachers for willful neglect of duty, the Coleman decision stated:
[T]he teacher must have some knowledge that his actions were contrary to school policy gained either through warnings from his supervisors or from general knowledge concerning the responsibilities and conduct of teachers.... Thus, under the case law, teachers may be dismissed for willful neglect of duty only for a specific action or failure to act in contravention of a direct order or identifiable school policy.
Coleman, 688 So.2d at 1316.
Even though in the present case the School Board filed numerous charges of willful neglect of duty against Wise, there is no requirement in the applicable statute or the jurisprudence that mandates all charges must be proven before termination may be imposed. To the contrary, it is sufficient to support termination if any one of the charges of willful neglect of duty against the tenured teacher is sufficiently supported by the record. Meyers v. Sabine Parish Sch. Bd., 499 So.2d 690, 696 (La.App. 3 Cir.1986), writ denied, 501 So.2d 236 (La.1987); see also Simon v. Jefferson Davis Parish Sch. Bd., 289 So.2d 511, 517 (La.App. 4 Cir.), writ denied, 293 So.2d 178 (La.1974); Johns v. Jefferson Davis Parish Sch. Bd., 154 So.2d 581, 588 (La.App. 3 Cir.1963). Finding merit in the contention that Wise sent students unattended to the principal's office in direct contravention of her principal's repeated orders, we need not address the remaining allegations brought against her.[6]
The evidence at the hearing before the School Board showed that on August 18, 1992, Tim Gilbert, the principal at *1096 Cope, first outlined the procedure for sending students to the office during teacher orientation prior to the commencement of the school year. At that time the principal explained that if a disciplinary problem arose that could not be handled in the classroom, the teacher was to use the classroom intercom to call the principal's office and ask for either Gilbert or Assistant Principal William Allred to come to the classroom and to escort the student to the school's administrative offices. As Gilbert explained, the purpose for this procedure was to prevent students, who had already caused a disciplinary problem in the classroom, from getting into further trouble by sending them unattended on school grounds to the principal's office. Gilbert testified that on September 21, 1992, he again emphasized at a faculty meeting that teachers at Cope were not to send unsupervised students to the principal's office for discipline. It was undisputed that Wise was present on both occasions.
Despite those instructions, the evidence is unrefuted that Wise sent six students to the principal's office on September 22, 1992, on four separate occasions during the school day in violation of the procedure that had been re-explained the day before. Gilbert testified that he conferenced with Wise after school to discuss her failure to comply with the school procedure for sending students to the office for disciplinary reasons. At that time, he issued a written warning/reprimand to Wise for her violation of school procedure and placed the form in Wise's personnel file. Despite being offered two opportunities to sign the reprimand form as required by LA.REV. STAT. ANN. § 17:1234,[7] Wise declined to affix her signature to the written form.
On October 5, 1992, less than two weeks after her first reprimand, Wise again sent a student unattended to the principal's office. As indicated on the second written warning/reprimand, Wise indicated that she was aware of the school rule, but thought that Gilbert's secretary, Becky Naar, had indicated over the intercom that it was okay to send the student unattended to the office. At the hearing before the School Board, Gilbert testified that he spoke with Mrs. Naar about Wise's assertion and she informed him that she had not told Wise to send the student unattended to the office.[8]
In the district court and again in the court of appeal, Wise argued that her failure to follow her principal's specific verbal directions did not rise to the level of willful neglect. We find the record clearly does not support her argument.
In Gaulden v. Lincoln Parish Sch. Bd., 554 So.2d 152 (La.App. 2 Cir.1989), writ denied, 559 So.2d 126 (La.1990), the appellate court was presented with the *1097 question of whether a tenured teacher could be charged with willful neglect of duty for failing to keep students inside her classroom. Although it was established that a rule to that effect had not been memorialized in a written document, a policy to this effect nonetheless existed. The court concluded that because Gaulden's principal testified at the tenure hearing that he had discussed the problem with Gaulden on two separate occasions and had provided her with specific directions to follow in addressing the problem, her failure to heed those instructions from her immediate supervisor supported her termination for willful neglect of duty.
In the present case, the facts closely parallel those of Gaulden. Although neither case involves a written policy, they both involve a well established and delineated rule of operation within the school setting. Moreover, even if the policy was not formalized in writing in either case, the principals in both instances held multiple conferences with the affected teacher to explain the policy. Despite these directions both teachers violated the instructions their principals had given.
After carefully reviewing the record, we find there is substantial evidence to support the School Board's decision that Wise's repeated failure to follow her principal's directions constituted willful neglect of duty on her part. Moreover, general warnings are adequate against conduct that the teacher should know is unacceptable. Gaulden, 554 So.2d at 157; Wiley, 476 So.2d at 439; Simon, 289 So.2d at 517. Accordingly, we find the court of appeal erred in concluding otherwise.
In reaching that conclusion, we find it necessary to comment on two specific aspects of the appellate court decision. In the present case, the decision of the court of appeal shows that although it agreed that the record established that Wise failed to follow proper school policy and her principal's orders with regard to sending students to the principal's office, it did not find her failure was "a willful neglect of duty as a teacher or a deliberate act of insubordination or defiance to the principal's authority." Wise, 814 So.2d at 710. In reaching this conclusion, the court of appeal reasoned that there was no endangerment of the students sent to the office and the unattended students did not cause a disturbance to occur.[9]
It has long been this Court's holding that when there is a rational basis for an administrative board's discretionary determinations which is supported by substantial evidence, the court of appeal cannot substitute its judgment for the administrative board's or to interfere with the latter's bona fide exercise of its discretion. Lewing v. De Soto Parish School Board, 238 La. 43, 113 So.2d 462, 466 (1959). The premise for this well established rule of review is that the administration of the school system of this State is entrusted by the Constitution and the Legislature to the *1098 school boards of the various parishes, not to the courts. Chantlin v. Acadia Parish School Bd., 100 So.2d 908, 910-11 (La.App. 1 Cir.1958). See also State ex rel. Rathe v. Jefferson Parish Sch. Bd., 206 La. 317, 19 So.2d 153 (1943) (holding that members of school boards are appointed or elected because of their knowledge and expertise in the administration of school systems). In the present case, it is equally plausible that the School Board decision, supported by substantial evidence, indicates a policy decision on its part that teachers cannot decide on their own what policies they will follow.
It is also well established that determinations of credibility are within the purview of the School Board. Gaulden, 554 So.2d at 155; Wiley, 476 So.2d at 443. In the present case, Wise made an issue at her hearing before the School Board of the circumstances surrounding her decision to send a student unattended to the office on October 5, 1992. The notation she made on her written warning/reprimand on that date indicates that she sent the student unattended to the office on the direction of Becky Narr, the school secretary. Although the secretary did not testify before the School Board, Gilbert testified that the secretary denied she made this communication to Wise. Based upon the record of the hearing before the School Board, the district court found that Wise's contention regarding Naar's purported instructions to her was not supported by the evidence. In its analysis, the court of appeal calls that credibility determination into question and impliedly faults the superintendent for not producing the secretary as a witness.
Ordinarily, where a litigant fails to produce evidence or a witness available to him, and reasonable explanation is not made for that course of action, there is a presumption that the production of such evidence or witness would have been adverse to his cause. Wilson v. U.S. Fire & Cas. Co., 593 So.2d 695 (La.App. 4 Cir.), writ denied, 597 So.2d 1037 (La.1992). Notwithstanding the existence of that well established jurisprudence, such a presumption does not aid Wise in the present case. Initially, we note that Narr was just as available to Wise as she was to the School Board. Had Wise wished to pursue this defense, she could have called Naar as a witness at the hearing before the School Board. Secondly, Louisiana jurisprudence has recognized that in limited circumstances, a tenured teacher may introduce new evidence in the review hearing before the district court. Howell, 332 So.2d at 822. Although the jurisprudence has held that the review hearing before the district court does not provide the tenured teacher with de novo review, see Wiley, 476 So.2d at 442, and In Re Dowden, 446 So.2d 853 (La.App. 2 Cir.), writ denied, 450 So.2d 954 (La.1984), instances have occurred where the tenured teacher has been allowed to present additional evidence. See e.g.: Ford v. Caldwell Parish Sch. Bd., 541 So.2d 955 (La.App. 2 Cir. 1989); In Re Dowden, 446 So.2d at 853; Lewis v. East Feliciana Parish Sch. Bd., 372 So.2d 649 (La.App. 1 Cir.), writ denied 375 So.2d 959 (La.1979). Even though the record shows that at one point prior to submission of the case to the district court, Wise sought to present Naar's testimony to the district court, the district court denied her request. As noted earlier, Wise neither sought supervisory writs on her request for additional testimony nor made that an issue on appeal.[10] In the present *1099 case, the School Board made a credibility determination on this point and it is fully supported by the record. On that basis the appellate court should have deferred to the findings of the School Board.

CONCLUSION
Mindful of the discretion afforded the School Board in the determination regarding teacher tenure hearings and the well established axiom that the court of appeal must neither substitute its judgment for the judgment of the school board nor interfere with the board's bona fide exercise of discretion, we reverse the decision of the Court of Appeal which reinstated Sonja Wise as a teacher. The termination decision of the Bossier Parish School Board with regard to Sonja Wise was supported by substantial evidence.

DECREE
For the foregoing reasons, the judgment of the Court of Appeal, Second Circuit, is reversed and set aside. The decision of the Bossier Parish School Board to dismiss Sonja Wise as a tenured teacher is reinstated.
REVERSED.
JOHNSON, Justice, dissents and assigns reasons.
WEIMER, J., dissents for the reasons assigned by JOHNSON, J.
WEIMER, J., dissenting.
I dissent from the majority's conclusion that the School Board met its burden of proving that it had a rational basis, supported by substantial evidence, to terminate Ms. Wise for willful neglect of duty. A review of the cases regarding willful neglect of duty reveals that this Court has declined to terminate teachers whose conduct was far more egregious than that of Ms. Wise. In Howard v. West Baton Rouge Parish School Bd., 00-3234 (La.6/29/01), 793 So.2d 153, a tenured teacher brought a loaded handgun on school grounds, and left it in his vehicle which was parked in an area easily accessible to the students. The gun was subsequently stolen from the teacher's vehicle. This court concluded that although the teacher's conduct may have endangered students, it did not rise to the level of a failure to follow an identifiable school policy. This court ultimately concluded that the School Board failed to prove that the teacher acted with willful neglect of duty since the record did not support a finding that Howard intended his gun to be stolen.
In this case, the evidence is woefully inadequate to show that Ms. Wise failed to follow an identifiable school policy. According to Ms. Wise's testimony, her understanding of the procedure for referring students to the office was that she was to notify the office via intercom that she was sending a student to the office. Neither the minutes from the faculty meeting nor the team meeting were introduced into evidence, and Mr. Gilbert admitted that the so-called policy was not in writing. In fact, Mr. Allred described the "policy" of referring students to the office as a "common practice," rather than a rule. Ms. Wise, who was new to the school, gave uncontroverted testimony that when she sent the students to the office on September 22, 1992, she misunderstood the practice, and she was unaware that she was to wait for someone from the office to come to the classroom to escort the student. Although the evidence clearly shows that Ms. Wise was aware of the school's practice *1100 on October 5, 1992 when she sent another student to the office unescorted, her testimony that the school's secretary instructed her to send the student to the office was not sufficiently controverted by the School Board.
It is clear that the School Board bore the burden of proof at the tenure hearing, yet, the School Board did not call the secretary as a witness to testify at the tenure hearing. The jurisprudence is well-settled to the effect that where a litigant fails to produce evidence or witnesses available to him, and no reasonable explanation is made, the presumption is that the production of such evidence or witnesses would have been unfavorable to his cause. Wilson v. U.S. Fire & Cas. Co., 593 So.2d 695 (La.App. 4 Cir.1992); writ denied, 597 So.2d 1037 (La.1992); Jackson v. Jackson, 212 So.2d 265 (La.App. 4th Cir.1968); writ denied, 252 La. 890, 214 So.2d 717 (1968).
Moreover, Mr. Gilbert's testimony that the school's "strict" policy that students not be allowed in the hallways unescorted is negated by his admission that he sometimes violated the practice himself by sending students from the office back to the classroom unescorted. Furthermore, Mr. Allred testified that it was his "standard procedure" to send students back to the classroom, unescorted, with a note.
For the foregoing reasons, I respectfully dissent.
NOTES
[1] The record does not reflect the reason for the delay of one and a half years between Wise's placement on paid leave and her notification of the formal charges against her.
[2] LA.REV.STAT. ANN. § 17:443(B) provides that a permanent employee removed from employment may petition a court of competent jurisdiction for a full hearing to review the School Board's action within one year from the date of said finding.
[3] Wise also asserted that she was entitled to a de novo hearing because the method of conducting the hearing before the School Board was unconstitutional. She pointed out that not all of the School Board members were present for the hearing and that the hearing officer was hired by the School Board to conduct the tenure hearing. None of these issues are before us. In addition, Wise did not preserve for appellate review any issue regarding the district judge's pre-hearing decision which precluded Wise from presenting any evidence not previously submitted at the tenure hearing.
[4] In a minute entry made after rendering its judgment, the district court indicated that it only considered the transcript in reaching its decision; it did not have the exhibits, i.e., Wise's performance evaluations, the warning/reprimands, etc., to review. Our review of the record shows the content of the performance evaluations and the warnings/reprimands were developed in oral testimony before the School Board.
[5] As noted in Allo v. Horne, 95-713 (La.App. 5 Cir. 3/13/96), 672 So.2d 961, writ denied, 96-1554 (La.9/27/96), 679 So.2d 1352, this is an instance where both the district court and the court of appeal sit as appellate courts in reviewing school board decisions. See also Muggivan v. Jefferson Parish Sch. Bd., 583 So.2d 1157 (La.App. 5 Cir.), writ denied, 590 So.2d 66 (La. 1991); Campo v. East Baton Rouge Parish Sch. Bd., 231 So.2d 67 (La.App. 1 Cir. 1970). Unlike the district court which may allow a teacher to present evidence that is not duplicative of that presented to the school board, see e.g., Butler v. Iberville Parish Sch. Bd., 93-2291 (La.App. 1 Cir. 12/22/94), 648 So.2d 459, no additional evidence may be presented to the court of appeal.
[6] In making this statement, we express no opinion as to the other charges against Wise. An expression in an opinion not necessary for the decision is merely "obiter dictum." DuBell v. Union Central Life Ins. Co., 211 La. 167, 29 So.2d 709 (1947). Cognizant of our duty to decide matters before us on the narrowest grounds, we find it unnecessary to reach the validity of the other charges brought against Wise. See Cat's Meow, Inc. v. City of New Orleans through Dep't of Finance, 98-0601 (La.10/20/98), 720 So.2d 1186.
[7] The form states, "Signature indicates that items have been discussed in conference with employer on indicated date." LA.REV.STAT. ANN. § 17:1234 states:

A. Each document concerning a school employee shall be placed in the employee's personnel file within a reasonable time and no document, except those resulting from routine record keeping, shall be placed in a school employee's personnel file by any school system employee, unless and until that school employee is presented with the original document and a copy thereof prior to its filing.
B. Upon receipt of the original document and copy of the same, the school employee shall sign the original document as an acknowledgment of the receipt of the copy of the document. Such signature shall not be construed as an agreement to the contents of the document. (Emphasis added).
[8] Although counsel for Wise initially objected to Gilbert's testimony on the grounds of hearsay, he withdrew that objection when he was advised that Becky Naar could be made available to testify. Our review of the hearing shows that neither Wise nor the School Board called Naar to testify.
[9] Principal Gilbert and Assistant Principal Allred did testify that on occasions they have allowed students to return to the classroom without an escort. In those rare instances, Gilbert said that he uses the intercom to notify the teacher of the student's imminent return and expects that if the student does not quickly return to the classroom the teacher would immediately notify his office. In the present case, Wise released the students from her classroom unattended to go to the principal's office without using the intercom to notify the office of their impending arrival. Allred stated that it is his practice to return students unescorted with a note indicating the time they are to be readmitted to class. The record shows that Wise would simply send the students unescorted from her classroom without a note indicating the time they were sent. Thus, although it may be arguable that Gilbert and Allred should have escorted the students back to the classroom, they nonetheless incorporated precautionary methods that Wise did not.
[10] We further note that our review of the record shows that Wise restricted her request to introduce Naar's testimony only "regarding misuse of [the] intercom." Plaintiff's Memorandum in Opposition to Motion in Limine, April 16, 1997. Clearly, even if Naar's testimony had been presented to the district court, it would not have concerned the issue of the defense Wise raised, i.e., that she was instructed to send the student unescorted to the administrative offices.