VERETA LEE
v.
EAST BATON ROUGE PARISH SCHOOL BOARD.
No. 2007 CA 1510.
Court of Appeals of Louisiana, First Circuit.
March 26, 2008.
AMY L. McINNIS, E. WADE SHOWS, Counsel for Plaintiff/Appellant Vereta Lee.
BRETT M. SEARCY, ROBERT L. HAMMONDS, Counsel for Defendant/Appellee East Baton Rouge Parish School Board.
Before: PARRO, KUHN and DOWNING, JJ.
DOWNING, J.
Plaintiff-appellant, Vereta Lee, a tenured school teacher suspended for willful neglect of duty, appeals the district court judgment on judicial review affirming her suspension. She contends that the district court erred in not finding that the evidence against her was inadmissible hearsay. She also assigns error to the court's refusal to allow her to present additional evidence. For the following reasons, we affirm the district court judgment.
Ms. Lee was a teacher employed by defendant/appellee, The East Baton Rouge Parish School Board (Board). On July 9, 2002, Ms. Lee was assisting another teacher, Jessie DeLone, in administering the LEAP test at North Highlands Elementary School. Ms. DeLone reported to the principal, Diane Helire, that Ms. Lee had improperly provided assistance to a student during the exam. Ms. Helire removed Ms. Lee from the classroom and notified Dr. Jennifer Baird, the Administrative Director for Accountability and Development, of the alleged security breach. An investigation ensued, resulting in Ms. Lee being charged with the willful neglect of duty and a recommendation that her teaching certificate license be terminated.
On November 14, 2002, the Board conducted a hearing pursuant to La. R.S. 17:443(B),[1] to consider the charges against Ms. Lee. The Board concluded that Ms. Lee was guilty of the charges, but instead of terminating her, she was suspended without pay for five years. On December 11, 2002, Ms. Lee filed in district court a petition for reinstatement, seeking reversal of the decision, reinstatement of her position, and reimbursement for losses and damages sustained as a result of the decision. On March 12, 2007, the district court affirmed the Board's decision. Ms. Lee appealed the judgment and asserted that the district court erred in the following:
1. In allowing the Board to improperly rely on incompetent (hearsay and circumstantial) evidence in reaching its findings of fact and decision to discipline Ms. Lee.
2. In refusing to allow Ms. Lee to present additional evidence.
The standard of review is fully set forth in Wise v. Bossier Parish School Bd., 02-1525, pp. 5-7 (La. 6/27/03), 851 So.2d 1090, 1094-95. In summary, the review of tenure proceedings must be limited to an inquiry of whether the Board complied with statutory formalities under the Louisiana's Teacher Tenure Law and whether the Board's findings were supported by substantial evidence. In conducting such an examination, the district court must give great deference to the school board's findings of fact and credibility. Id. 1094. Thus, the Board's judgment should not be reversed in the absence of a clear showing of abuse of discretion. Id. Generally, an abuse of discretion results from a conclusion reached capriciously or in an arbitrary manner. Id. The word "arbitrary" implies a disregard of evidence or the proper weight thereof. A conclusion is "capricious" when there is no substantial evidence to support it or the conclusion is contrary to substantiated competent evidence. Id. A court of appeal may not reverse the decision of a district court unless it finds the Board's termination proceedings failed to comply with statutory formalities and/or the Board's findings were not supported by substantial evidence. Id. at 1095. La.R.S. 17:441 sets forth a detailed procedure which must be adhered to in order to perfect the proper removal of a teacher who has attained permanent status. Clark v. Wilcox, 04-2254, p. 5 (La.App. 1 Cir. 12/22/05), 928 So.2d 104, 109.

DISTRICT COURT'S REFUSAL TO ALLOW ADDITIONAL EVIDENCE
Ms. Lee alleges that prior to her tenure hearing on November 14, 2002, the Board members had received the charges lodged against her, had reviewed the charges, and approved a resolution to terminate or suspend her employment. She alleges that the Board decision regarding her conduct was made prior to the hearing, She contends that this conclusion was evident from the demeanor of the members at the time of the hearing.[2] In 2004, the district court ruled that the Board members could be deposed by Ms. Lee. However, due to a ruling by the court, the depositions were limited to matters that did not probe into the mental processes that formulated their decision.[3] Lee v. East Baton Rouge Parish School Bd., 03-0711, p. 10 (La.App. 1 Cir. 6/30/04), 887 So.2d 1, 8.
Over two years later, at the February 7, 2007 hearing in district court, Ms. Lee sought leave of court to present additional testimony to the district court by supplementing the record with the testimony of school board member, Dr. Jacqueline Mims. The district court denied the request, but allowed Ms. Mims' testimony to be proffered.
Here, Ms. Lee filed a pleading entitled "Motion for Leave of Court to Present Additional Testimony," a mere three days prior to the hearing date on a case that had been pending for over four years. The Board objected on two grounds. First, the Board pointed out that, despite Ms. Lee's contention, tenure hearings were not subject to the APA,[4] and the introduction of evidence at this late date would be extremely prejudicial.
The law is clear that a teacher may offer additional evidence in the district court which does not duplicate that presented at the school board hearing. Butler v. Iberville Parish School Board, 93-2291 (La.App. 1 Cir. 12/22/94), 648 So.2d 459, 461. A court has great discretion to admit or to disallow such evidence, subject to an objection, based upon the scope of the issues and, pleadings, and a determination of whether the evidence is encompassed by the general issues raised in the pleadings. Denton v. Vidrine, 06-0141, p. 13 (La.App. 1 Cir. 12/28/06), 951 So.2d 274, 285, writ denied 07-0172 (La. 5/1808), 057 So.2d 152. in this case, the Board objected to the timeliness of the evidence, since the request to admit additional evidence was received just three days prior to the hearing.
Upon review of the proffered evidence, we conclude that the trial court was within its discretion to deny the motion to supplement the record with Dr. Mims' deposition. Although additional evidence may be allowed to be introduced at the district court level, that right is not unrestricted. Lewis v. East Feliciana Parish School Board, 372 So.2d 649, 652 (La.App. 1 Cir. 1979). Our review of the proffer discloses that no new evidence or contradiction of previous testimony would be garnered from allowing its admission. On appeal, this court will not disturb the orderly process of the district court in this regard unless there is an abuse of discretion. Id. We find no such abuse in this situation. Thus, this assignment of error is without merit.

BOARD PROCEDURES AT THE TENURE HEARING
Ms. Lee contends that certain improprieties took place at the tenure hearing that adversely affected the Board's decision to suspend her. She puts forth several arguments to support her position.
First, she alleges that the Board must have relied only on hearsay evidence to reach its determination. In support of this contention, Ms. Lee asserts that all but one witness, who was actually present in the classroom at the time of the alleged violations, testified that she did not engage in any "violative" actions. She contends that every other witness who testified against her was merely reporting the complaints that had been reported to them.
The usual rules of evidence need not apply in administrative hearings, and thus, hearsay may be admitted. Nonetheless, the findings must be supported by competent evidence. Spreadbury v. State Dept. of Public Safety, 99-0233, p. 7 (La.App. 1 Cir. 11/5/99), 745 So.2d 1204, 1208. In Chaisson v. Cajun Bag & Supply Co., 97-1225, p. 10 (La. 3/4/98), 708 so.2d 375, 381, the supreme court explained that the traditional exclusion of hearsay evidence was based upon concerns of unreliability arising from the inability to test the veracity of the out-of-court declarant. Id. Hearsay testimony, however, may be admitted where there is sufficient corroboration of the hearsay evidence. Id. 97-1225 at p. 12, 708 So.2d at 382. Such evidence can qualify as "competent evidence," provided that the evidence has some degree of reliability and trustworthiness and is of the type that reasonable persons would rely upon. Id. This determination must be made on a case-by-case basis under the particular facts and circumstances. Id. The reviewing court must evaluate the competency of the evidence under the manifest error standard. Id.
Ms. Lee was charged with violating test security procedures by whispering to a student and writing a word on a Kleenex and giving the tissue to the student. She was also charged with giving candy to students leaning over a student's test booklet, and taking certain students to the bathroom during the test. As explained in Spurlock v. East Feliciana Parish School Board, 03-1879, p. 7 (La. App. 1 Cir. 6/25/04), 885 So.2d 1225, 1229-30, teachers are required to act as reasonable professionals would act under similar circumstances, even if there is no specific policy prohibiting the teacher's conduct.
We agree that only one witness gave direct evidence against Ms. Lee, but that witness happened to be the teacher giving the LEAP test, Ms. Jessie DeLone. Ms. DeLone testified that she saw Ms. Lee help the student during the test. She also testified that another student reported Ms. Lee to her for helping the student on the test. Ms. DeLone further testified that during the exam, Ms. Lee walked over to her and asked if Ms. DeLone knew the name of a camp. When Ms. DeLone told her "Avondale," Ms. Lee then asked Ms. DeLone how to spell Avondale. Ms. DeLone testified that she told her how to spell the word and then Ms. Lee walked over to a table, picked up a Kleenex and wrote a word on the tissue. Ms. DeLone testified that when she finished writing the word, she put the pencil down, walked back over to the student, and put the Kleenex on the student's desk. Ms. DeLone testified that she immediately reported this action to the school principal, Ms. Diane Helire.
Ms. Helire also testified to the events of the day. She said that after Ms. DeLone reported the impropriety, she went into the test room and confronted Ms. Lee about the incident. Ms. Helire testified that Ms. Lee admitted writing the word on the tissue. Ms. Helire testified that she did not retrieve the Kleenex from the trashcan as evidence, because Ms. Lee admitted it.
After conducting a review of the record, we conclude that the testimony and evidence presented by staff not present when the incident occurred corroborated competent, non-hearsay evidence. The district court was not manifestly erroneous in finding that the Board did not abuse its discretion by allowing such evidence to be introduced because it was supported by competent evidence.
Ms. Lee next argues that she did not intentionally violate her duty as a teacher and did not realize that her actions would jeopardize her teaching tenure. She contends that there was no policy against writing a word on a tissue and there is no proof that she gave the tissue to a student.
A teacher can be found guilty of willful neglect of duty if he had "some knowledge" that his actions were contrary to school policy based on "general knowledge" concerning the responsibility and conduct of teachers. Howard v. West Baton Rouge Parish School Bd., 00-3234, p. 4 (La. 6/29/01), 793 So.2d 153, 155. The record reflects that Ms. Lee signed a document acknowledging that she had been given the training in test security and had attended at least two workshops on the proper procedures to be used. The test security policy is evidence in the record. Under Section 3, the policy clearly states that it shall be a violation of test security for any person to "participate in, direct, aid, counsel, assist in, encourage, or fail to report any of the acts prohibited in this section." The section on Testing Security states that it shall be a violation of test security to "coach examinees in any manner during testing or alter or interfere with examinee's responses in any manner;" or "provide answers to students in any manner during the test, including provision of cues, clues, hints, and/or actual answers in any form  written, printed, verbal or nonverbal." Both Ms. DeLone and Ms. Helire testified that procedures to be followed in giving the LEAP test were fully explained at the workshop and in the handbook that every member of the staff received. Furthermore, had no written policy been provided to the LEAP staff, teachers could still be dismissed for willful neglect of duty if their actions or conduct is generally known to be prohibited action or conduct. See Spurlock v. East Feliciana Parish School. 03-1879, p. 7, 885 So.2d at 1229. Here, Ms. Lee had been teaching for over eighteen years when this incident occurred. It is generally known that a teacher may not assist an individual student on an examination. There was competent evidence presented both for and against Ms. Lee, so we cannot say that the district court erred in determining that the Board was not capricious in suspending her from teaching when there was substantial evidence to support its determination. This assignment of error is without merit.
We affirm the judgment of the district court. This memorandum opinion is issued in accordance with Uniform Court of Appeal Rule 2-16.1B. All costs of this appeal are assessed against the plaintiff/appellant, Vereta Lee.
AFFIRMED.
NOTES
[1] La.R.S. 17:443 provides, in pertinent part:

A. A permanent teacher shall not be removed from office except upon written and signed charges of willful neglect of duty and then only if found guilty after a hearing by the school board of the parish or city, as the case may be, which hearing may be private or public, at the option of the teacher. At least twenty days in advance of the date of the hearing, the superintendent with approval of the school board shall furnish the teacher with a copy of the written charges. Such statement of charges shall include a complete and detailed list of the specific reasons for such charges and shall include but not be limited to the following: date and place of alleged offense or offenses, names of individuals involved in or witnessing such offense or offenses, names of witnesses called or to be called to testify against the teacher at said hearing, and whether or not any such charges previously have been brought against the teacher. The teacher shall have the right to appear before the board with witnesses in his behalf and with counsel of his selection, all of whom shall be heard by the board at said hearing. For the purpose of conducting hearings hereunder, the board shall have the power to issue subpoenas to compel the attendance of all witnesses on behalf of the teacher. Nothing herein contained shall impair the right of appeal to a court of competent jurisdiction.
B. If a permanent teacher is found guilty by a school board, and after due and legal hearing as provided herein, on charges of willful neglect of duty ... and ordered removed from office, or disciplined by the board, the superintendent with approval of the board shall furnish to the teacher a written statement of recommendation of removal or discipline, which shall include but not be limited to the exact reason(s), offense(s), or instance(s) upon which the recommendation is based. Such teacher may, not more than one year from the date of the said finding, petition a court of competent jurisdiction for a full hearing to review the action of the school board, and the court shall have jurisdiction to affirm or reverse the action of the school board in the matter. If the finding of the school board is reversed by the court and the teacher is ordered reinstated and restored to duty, the teacher shall be entitled to full pay for any loss of time or salary he or she may have sustained by reason of the action of the said school board.
[2] Ms. Lee testified that the members were inattentive, socializing, and generally not paying attention during the questioning of witnesses.
[3] The Board sought a protective order to prevent the deposition; the district court denied the order; an application for writs to the First Circuit Court of Appeal was denied; the Louisiana Supreme Court granted writs and remanded to the First Circuit. Lee, 887 So.2d at 2-3.
[4] In brief, Ms. Lee's counsel cites La. R.S. 49:964 and other excerpts from the Administrative Procedure Act: however, School Boards are exempt from the Administrative Procedure Act. See Lee, 03-0711 at p. 10 n. 8, 887 So.2d at 8 n.8. Ms. Lee's counsel retracted this contention at oral argument.