STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

08-1249


RENEE VENTROY

VERSUS

LAFAYETTE PARISH SCHOOL BOARD


************


APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO.  C-2007-3611 Div. "C"
HONORABLE BYRON D. HEBERT, DISTRICT JUDGE


************


JAMES T. GENOVESE
JUDGE


************


Court composed of John D. Saunders, Michael G. Sullivan, and James T. Genovese, Judges.

Saunders, J., dissents and assigns written reasons.


                                                    AFFIRMED.


**J. Isaac Funderburk**
**Funderburk & Herpin**
**101 South St. Charles Street**
**Post Office Drawer 1030**
**Abbeville, Louisiana 70511-1030**
**(337) 893-8140**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
     **Renee Ventroy**

**Dawn L. Morris**
**Law Office of Dawn L. Morris**
**1106 Coolidge Blvd., Suite A**
**Lafayette, Louisiana 70503**
**(337) 704-2094**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Lafayette Parish School Board**

**Jonathan C. Augustine**
**The Augustine Firm, APLC**
**8322 One Calais Avenue**
**Baton Rouge, Louisiana 70809**
**(225) 343-9243**
**COUNSEL FOR AMICUS CURIAE:**
    **The Louisiana Association of Educators**

**GENOVESE, Judge.**

Plaintiff, Renee Ventroy, appeals the trial court's judgment in favor of the Defendant, Lafayette Parish School Board (the Board), upholding the Board's termination of its employee, Ms. Ventroy. For the following reasons, we affirm.

## FACTS

Ms. Ventroy was employed by the Board as an itinerant, non-tenured employee. On March 21, 2007, the Board voted to adopt the recommendation of the Superintendent of the Board, Dr. James Easton, to terminate Ms. Ventroy. Ms. Ventroy then filed a Petition for Declaratory Judgment and Writ of Mandamus in the Fifteenth Judicial District Court, Parish of Lafayette, naming the Board as a Defendant therein.

At the May 12, 2008 trial, the parties agreed to submit the matter to the trial court on briefs and jointly introduced exhibits. The trial court issued written Reasons for Ruling on June 6, 2008, and signed a judgment in accordance therewith on July 7, 2008, upholding the Board's decision to terminate Ms. Ventroy. It is from this judgment that Ms. Ventroy appeals.

## ISSUES

Ms. Ventroy presents the following issues for our review:

1. [whether] the trial court committed manifest error when it held that the Lafayette Parish School Board substantially complied with its school employee termination policy[; and]

2. [whether] the trial court committed manifest error when it held that Ms. Ventroy was not deprived of her employment rights in the termination process.

## LAW AND DISCUSSION

In the instant matter, the trial court drafted extensive and well-founded Reasons for Ruling. Having reviewed the applicable law and the record of these

proceedings, we find the written Reasons for Ruling to be factually and legally correct and find no abuse of discretion or manifest error therein. Accordingly, we excerpt the trial court's written Reasons for Ruling (footnotes omitted) which follow and adopt them as our own:

It is agreed by all parties that during her employment with the LAFAYETTE PARISH SCHOOL BOARD, VENTROY, was an itinerant, non-certified teacher, Outreach Facilitator. An Outreach Facilitator teaches students with behavioral problems. VENTROY rotated between the three schools, Alice Boucher Elementary, L. Leo Judice Montessori Elementary, and Westside Elementary. As an Outreach Facilitator, VENTROY worked full days at Alice Boucher Elementary on Mondays, Wednesdays, and Fridays. On Tuesdays and Thursdays[,] VENTROY worked half days at Westside and Judice Elementary schools. The Outreach Facilitator reported to the principals of each school. The GCN Policy[1] of the LAFAYETTE PARISH SCHOOL BOARD applied at all relevant times to the termination of RENEE VENTROY because[,] as a non-certified teacher, she was not tenured.

The Louisiana legislature has required that school boards in this state develop a policy for the dismissal of school employees that have not attained tenure.

---

[1]The GCN Policy adopted by the Board relative to its "DISMISSAL OF OTHER NONPROFESSIONAL PERSONNEL" set forth the following:

The principal recommends in writing to the Director of Human Resources that the employee appear before a committee consisting of the principal, supervisor and the Director of Human Resources or Assistant in Human Resources to discuss the deficiencies.

If improvement or change is not effected after appearing before the committee, a recommendation to terminate the employee shall be made jointly by the supervisor and the principal to the Superintendent in writing.

At the request of the Superintendent, the Director of Human Resources shall inform the employee that he/she is to appear before a committee consisting of the principal, the supervisor and the Director of Human Resources or Assistant in Human Resources at which time the reason(s) for dismissal will be discussed.

At this time, the employee will be given the opportunity to resign. If the employee chooses not to resign, the Superintendent's recommendation shall be presented to the Board for action. The employee shall be informed in writing of the Board's final decision.

A copy of all documents pertaining to an employee's performance shall be placed in the appropriate official personnel file, Human Resources Department, Lafayette Parish School Board. A copy of the above shall also be provided the employee.

2

Not later than January 1, 1988, each city and parish school board shall develop and adopt rules and policies which it shall use in dismissing school employees who have not attained tenure in accordance with applicable provisions of law and whose dismissal is not a result of a reduction in force, as provided for in *R.S. 17:81.4*. The school board shall provide a procedure by which any employee, whose dismissal is governed by this Section, may participate in the development of the rules and policies. Such rules and policies shall be made available for public inspection within ten days after they are finally adopted. *La. R.S. 17:81.5*.

In accordance with the directive in *La. R.S. 17.81.5*, the BOARD adopted [its] GCN Policy on August 7, 1974[,] for the dismissal of other nonprofessional personnel employed by the BOARD. The GCN Policy was last revised by the board on October 6, 1999. The plaintiff in this suit claims that the BOARD did not follow the policy and procedures of [its] GCN [P]olicy in terminating her employment.

It is documented that VENTROY's supervisor, the principal of Alice Boucher Elementary, Sandra Billeaudeau[,] met with VENTROY on December 11, 2006[,] to discuss excessive absenteeism and to explain that VENTROY must follow the BOARD's policy regarding absences. On February 9, 200[7], Billeadeau and the Director of Human Resources for the BOARD, Ramona Bernard, met with VENTROY to again discuss her excessive absenteeism without medical documentation. The memo summarizing the meeting detailed that if VENTROY failed to comply with the BOARD's policy, "[her] principal would notify Superintendent James Easton, and he shall recommend disciplinary action to the board, which may include termination of [her] employment with the school district." VENTROY signed the February 9, 2007 memo to acknowledge receipt of the document.

At the February 9, 2007 meeting, the plaintiff was given verbal and written warnings by her direct supervisor, Billeaudeau[,] and Director of Human Resources, Bernard, about the consequences of missing work without providing medical documentation to excuse the absence. VENTROY missed work on February 16, 22, and 23. She provided a medical excuse from Dr. Jolivette to school officials at Boucher, Judice, and Westside Elementary schools upon her return to work on February 26 and 27, for her February 22 and 23 absences. However, although she requested that Dr. Toce's staff fax a medical excuse to school officials to verify her reason for absence on February 16, the plaintiff did not personally deliver such medical documentation. Further, no school official was able to testify that they received an excuse for the February 16th absence.

3

Both Billeaudeau and Bernard verbally recommended to Superintendent Easton that VENTROY's employment be terminated. Dr. Easton agreed with the recommendation and wrote a letter on February 26, 2007[,] to inform VENTROY that he would be recommending to the BOARD, at its March 21, 2007 meeting, that VENTROY be terminated from her position with the BOARD. The plaintiff attended the BOARD meeting and submitted exhibits in support of her continued employment. However, the BOARD adopted the Superintendent's recommendation and terminated VENTROY's employment. VENTROY was given written notice of the termination by letter from Ramona Bernard, dated March 28, 2007.

. . . .

The Louisiana Constitution and legislature entrust the administration of the school system to the parish school boards and not to the courts. The School Board is vested with broad discretion in the administration of the school system; nevertheless, due process requires judicial review to ensure that the school boards do not abuse this discretion. Judicial review is limited, and where there is a rational basis, which is supported by substantial evidence for the school board[']s discretionary determination, the courts cannot and should not substitute their judgment for that of the school board. *Scott v. [O]uachita Parish Sch. Bd.*, 768 So.2d 702, 711 (La. App. 2 Cir. 2000); *Myres v. Orleans Parish School Board*, 423 So.2d 1303 (La. App. 4 Cir. 1982), *writ denied*, 430 So.2d 657 (La. 1983).

The Supreme Court has accepted the following definition of "substantial evidence:"

> ["']Substantial evidence['] has been defined as ['']evidence of such quality and weight that reasonable and fair-minded men in exercise of impartial judgment might reach different conclusions.'" (citations omitted) *Wise v. Bossier Parish School Board*, 851 So.2d 1090, 1094 (La. 2003).

The district court must give great deference to the school board[']s findings of fact and credibility. *Arriola v. Orleans Parish Sch.Bd.*, 809 So.2d 932, 941 (La.2002). The district court may not substitute its judgment for that of the school board or interfere with the school board's good faith exercise of discretion. *Howard v. W. Baton Rouge [Parish] Sch. Bd.*, 793 So.2d 153 (La. 2001). Thus, the school board[']s judgment should not be reversed in the absence of a clear showing of abuse of discretion. *Gaulden v. Lincoln Parish School Board,* 554 So.2d 152, 157 (La. App. 2 Cir. 1989), *writ denied*, 559 So.2d 126 (La. 1990).

The School Board is given great discretion in fashioning, adopting[,] and implementing its plan[,] and the standard of review used

4

by courts when called upon to review whether a school board complied with its own policies is substantial compliance. *Harris v. West Carroll Parish School Board*, 605 So.2d 610 (La. App. 2 Cir. 1992). Reasons for dismissal are largely in the sound discretion of the school board. *Gaulden, supra.* General warnings are adequate against conduct that the teacher should know is unacceptable. *Gaulden, supra; Wiley v. Richland Parish Sch. Bd.*, 476 So.2d at 439 (La. App. 2 Cir. 1985). It is also well established that determinations of credibility are within the purview of the school board. *Gaulden, supra*; *Wiley, supra*.

VENTROY, as a non-tenured employee of the BOARD, did not have a constitutionally protected property interest in her continued employment and, therefore, was not entitled to due process over and above that provided by the School Board's policy. See *Scott v. Ouachita Parish School Board, supra*.

The BOARD has shown that VENTROY was given notice on December 11, 2006[,] and on February 9, 2007, that her excessive absenteeism without medical documentation was unacceptable. The February 9, 2007 memo that VENTROY signed [] explained that subsequent absences without medical documentation would result in disciplinary action by the BOARD, which may include termination. The February 16, 2007 absence took place after VENTROY left the campus of Alice Boucher Elementary without obtaining the permission of her supervisor, Billeaudeau. Upon her return to work on February 16, 2007, VENTROY failed to provide medical documentation for the February 16 absence. This failure to provide a medical excuse for an absence was within one week of the February 9, 2007 meeting. The plaintiff's actions were contrary to the BOARD's policy and contrary to the directives of her supervisor.

Billeaudeau and Bernard verbally recommended VENTROY's termination to Dr. Easton. In turn, Dr. Easton's February 26, 2007 letter gave the plaintiff written notice that her termination was being recommended to the BOARD. VENTROY was given notice of the March 21, 2007 hearing before the BOARD regarding Dr. Easton's recommendation[,] and, in the letter, the plaintiff was given an opportunity to attend and to address the BOARD at that meeting. Further, in the letter, Dr. Easton gave VENTROY an opportunity to resign from her position. The plaintiff did not resign but, instead, attended and participated in the March 21, 2007 BOARD meeting. VENTROY was given written notice of the BOARD's action in terminating her employment by Ramona Bernard's March 28, 2007 letter.

The request for the February 9, 2007 meeting was not submitted in writing by Billeaudeau, as is called for by GCN [P]olicy. Yet, it is evidenced by her attendance that VENTROY received notice of the meeting and that potential reasons for her termination were discussed.

5

The supervisor for the BOARD's outreach program, Brandy Gonzales, was not present for the meeting on February 9, 2007, to discuss excessive absenteeism with VENTROY. However, VENTROY's direct supervisor, Billeaudeau, and the Director of Human Resources, Bernard, were present for the conference with VENTROY. Improvement was not effected after VENTROY met with Billeaudeau and Bernard.

Next, Billeaudeau and Bernard met personally with Dr. Easton to discuss VENTROY's absences and to verbally recommend terminating her employment. The recommendation to terminate was not made in writing to the Superintendent Easton. Therefore, the verbal recommendation to the Superintendent was not in technical compliance with GCN [P]olicy.

VENTROY submitted Dr. Toce's medical excuse for [sic] the BOARD for its review at the March 21, 2007 meeting. After review of the excuse, the BOARD's Director of Human Resources, Bernard, testified that even if the schools had received the medical document from Dr. Toce, it would not have been compliant with the BOARD's policy because it did not contain a diagnosis for the medical problem.

Any failure by the BOARD to follow procedure to the letter did not adversely affect the plaintiff. At no point was VENTROY deprived of her employment rights in the termination process. She was given notice in two meetings of her failure to comply with the BOARD's policy regarding absences and was given an opportunity to comply with the policy. VENTROY was apprised of the potential consequence of termination should she not provide medical documentation for future absences. Additionally, the plaintiff was allowed to attend the March [21], 2007 BOARD meeting and to present any evidence that would support her continued employment with the BOARD. For these reasons, there was a rational basis and substantial evidence for the BOARD's action in terminating VENTROY, and the actions of the BOARD were in substantial compliance with the policy in place for the dismissal of nonprofessional personnel.

The standard of review in this case is whether there was a "clear showing of abuse of discretion." *Gaulden*, 554 So.2d at 157 (citing *State ex rel. Piper v. E. Baton Rouge Parish Sch. Bd*, 35 So.2d 804 (La.1948); *Lewis v. E. Feliciana Parish Sch. Bd.*, 452 So.2d 1275 (La.App. 1 Cir.), *writ denied*, 458 So.2d 123 (La.1984)). Though there was not complete compliance with the Board's policy, the record clearly indicates that there was substantial compliance with said policy, that Ms. Ventroy was

6

afforded due process of law, and that she was not unduly prejudiced by the degree of compliance therewith. Despite being forewarned on February 9, 2007, about excessive absenteeism and potential termination as a result thereof, Ms. Ventroy knowingly and willingly left school on February 16, 2007, without approval. Ms. Ventroy was given adequate notice and a hearing regarding her proposed termination, and she appeared at said hearing on March 21, 2007, with her attorney. The facts and record before us do not reflect the requisite "clear showing of abuse of discretion" by the Board or the trial court.

## DECREE

For the foregoing reasons, the judgment of the trial court in favor of the Lafayette Parish School Board upholding its termination of Renee Ventroy is affirmed. Costs of this appeal are assessed to Plaintiff/Appellant, Renee Ventroy.

**AFFIRMED.**

NUMBER 08-1249

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

RENEE VENTROY

VERSES

LAFAYETTE PARISH SCHOOL BOARD

**Saunders, J., dissents and assigns written reasons.**

There is no doubt that the school board failed to comply with its own procedure for dismissal of non-tenured employees. In *Thomas v. Evangeline Parish School Bd.*, 98-1458 (La.App. 3 Cir. 3/24/99), 733 So.2d 102, this court found that, even where the school board has ample reason to fire an employee, if the board failed to follow proper procedure, the employee should be reinstated, retroactive to the date of his or her dismissal. It is my opinion that we should follow the rule of *Thomas* and reinstate Ms. Ventroy. Accordingly, I respectfully dissent.