583 So.2d 1157 (1991)
Patricia MUGGIVAN
v.
JEFFERSON PARISH SCHOOL BOARD, Dewey Spies, President of the Jefferson Parish School Board, and Russell Protti, Superintendent of the Jefferson Parish School Board.
No. 91-CA-70.
Court of Appeal of Louisiana, Fifth Circuit.
June 26, 1991.
Rehearing Denied September 17, 1991.
Arthur G. Kingsmill, Gretna, for plaintiff-appellee.
Cornelius E. Regan, Grant & Barrow, A Professional Law Corp., Gretna, for defendant-appellant.
*1158 Before KLIEBERT, GAUDIN, and GRISBAUM, JJ.
KLIEBERT, Chief Judge.
Defendants, the Jefferson Parish School Board, its President and Superintendent, appeal the trial court judgment denying their request to authenticate transcripts taken at an administrative hearing and granting summary judgment in favor of plaintiff, Patricia Muggivan, reinstating her to her previous duties as a tenured special education teacher. For the following reasons, the district court judgment dated December 19, 1990 is set aside and the matter remanded to the district court with instructions.
The Superintendent of Schools and plaintiff's principal recommended plaintiff be released from her duties as a school teacher for the Jefferson Parish School System allegedly because she was not performing to the School System's standards. By letter, the Superintendent, pursuant to the provisions of LSA-R.S. 17:417, suspended the plaintiff without pay. Following three days of administrative hearings (October 6, 1986, December 3, 1986, and February 3, 1987) before the School Board, ostensibly pursuant to LSA-R.S. 17:441 et seq,[1] the Board recommended plaintiff be terminated. Plaintiff appealed the decision to the 24th Judicial District Court, sitting as an appellate court pursuant to LSA-R.S. 17:443.[2]
Our record indicates the transcript of the administrative hearing held on December 3, 1986 had been destroyed by the court reporter,[3] Jack Lawrence, and was not part of the district court record. Because of this, counsel for the School Board moved to have the transcripts of the hearings on October 6, 1986 and February 3, 1987 authenticated and the case remanded to the School Board to have the December 3, 1986 transcript reconstructed. Plaintiff, meanwhile, moved for summary judgment, alleging *1159 no issue of material fact existed and that plaintiff was entitled to reinstatement to her prior teaching position with full pay, benefits, and emoluments appurtenant to the position from the date of her attempted termination. The motion to authenticate records and the motion for summary judgment came for hearing on December 13, 1990. Following arguments, the trial court denied defendants' motion to authenticate transcripts of the October 6, 1986 and February 3, 1987 hearings or to admit same into the record, and remanded the case for a rehearing. It also granted plaintiff's motion for summary judgment setting aside the School Board's termination, and reinstating plaintiff as a teacher with pay.
Despite the provisions of LSA-R.S. 17:443(B) for a full hearing before the district court, the provision does not provide for a trial de novo. Howell v. Winn Parish School Board, 332 So.2d 822 (La. 1976). The Howell court explained the reviewing court's standard of judicial review as follows:
"Despite this provision for a full hearing before the district court, the standard of judicial review of a school board's action is still whether there is a rational basis for the board's determination supported by substantial evidence insofar as factually required. In such cases, the reviewing court must neither substitute its judgment for the judgment of the school board nor interfere with the board's bona fide exercise of discretion. Thus, in the instant case, this Court will limit its inquiry to a determination of whether the action of the school board was (1) in accordance with the authority and formalities of the Louisiana Teachers Tenure Act, and (2) supported by substantial evidence, or conversely, an arbitrary decision and thus an abuse of discretion." id. at p. 824-5. (citations omitted).
Although additional evidence may be allowed to be presented at the district court level, see id., this right is not unrestricted. Evidence duplicating that before the School Board hearing is generally not allowed. See Lewis v. East Feliciana Parish School Board, 372 So.2d 649 (1st Cir.1979), writ denied, 375 So.2d 959 (La.1979); and 452 So.2d 1275 (1st Cir.1984), writ denied, 458 So.2d 123 (La.1984); Ford v. Caldwell Parish School Board, 541 So.2d 955 (2nd Cir. 1989); Meyers v. Sabine Parish School Board, 499 So.2d 690 (3rd Cir.1986), writ denied, 501 So.2d 236 (La.1987).
Thus, in essence, the function of all reviewing courts, which here includes the district court and this Court, is to examine the decision of the School Board by analyzing the evidence presented to the Board and determining whether the Board's decision is supported by substantial evidence or is an arbitrary decision and hence an abuse of discretion.
The record before this Court and the district court is incomplete. The hearing before the School Board was conducted on three days. The transcript of the December 3, 1986 hearing is not in the record. We are informed the stenographic notes of Jack Lawrence for that day were destroyed and cannot be duplicated. The transcripts of the remaining two days of hearings were not admitted in the record by the trial judge. Hence, the record does not contain a transcript of the hearings held before the School Board.
LSA-C.C.P. Article 2161[4] provides that an appeal cannot be dismissed for an incorrect or inadequate record. Rather, it must be returned to the trial court for a correction of the record or retrial. Since the district court's function was that of a reviewing court, it erred in ruling on plaintiff's motion for summary judgment. For the same reason, we do not pass on the *1160 validity of the School Board's permanent suspension or the temporary suspension made by the Superintendent pending the hearing before the School Board.
Accordingly, the district court judgment dated December 19, 1990, granting plaintiff's motion for summary judgment is set aside and vacated. The case is remanded to the School Board with instructions to reconstruct, if possible, the record of the hearings originally heard before it. (See for example C.C.P. Articles 2130, 2131, 2132, etc.) and to thereafter submit the record to the 24th Judicial District Court for its review under plaintiff's appeal. In the event the record cannot be reconstructed, then plaintiff is to be granted a new trial.
SET ASIDE AND REMANDED
NOTES
[1] LSA-R.S. 17:441 et seq. defines teachers and provides rules for their removal.
[2] LSA-R.S. 17:443 provides:

A. A permanent teacher shall not be removed from office except upon written and signed charges of willful neglect of duty, or incompetency or dishonesty, or of being a member of or contributing to any group, organization, movement or corporation that is by law or injunction prohibited from operating in the state of Louisiana, and then only if found guilty after a hearing by the school board of the parish or city, as the case may be, which hearing may be private or public, at the option of the teacher. At least twenty days in advance of the date of the hearing, the superintendent with approval of the school board shall furnish the teacher with a copy of the written charges. Such statement of charges shall include a complete and detailed list of the specific reasons for such charges and shall include but not be limited to the following: date and place of alleged offense or offenses, names of individuals involved in or witnessing such offense or offenses, names of witnesses called or to be called to testify against the teacher at said hearing, and whether or not any such charges previously have been brought against the teacher. The teacher shall have the right to appear before the board with witnesses in his behalf and with counsel of his selection, all of whom shall be heard by the board at said hearing. For the purpose of conducting hearings hereunder the board shall have the power to issue subpoenas to compel the attendance of all witnesses on behalf of the teacher.
Nothing herein contained shall impair the right of appeal to a court of competent jurisdiction.
B. If a permanent teacher is found guilty by a school board, after due and legal hearing as provided herein, on charges of willful neglect of duty, or of incompetency, or dishonesty, or of being a member of or contributing to any group, organization, movement or corporation that is by law or injunction prohibited from operating in the state of Louisiana, and ordered removed from office, or disciplined by the board, the superintendent with the approval of the board shall furnish to the teacher a written statement of recommendation of removal or discipline, which shall include but not be limited to the exact reason(s), offense(s) or instance(s) upon which the recommendation is based. Such teacher may, not more than one year from the date of the said finding, petition a court of competent jurisdiction for a full hearing to review the action of the school board, and the court shall have jurisdiction to affirm or reverse the action of the school board in the matter. If the finding of the school board is reversed by the court and the teacher is ordered reinstated and restored to duty, the teacher shall be entitled to full pay for any loss of time or salary he or she may have sustained by reason of the action of the said school board.
[3] See transcript of proceedings held on December 13, 1990 at page 4.
[4] C.C.P. Article 2161 provides:

An appeal shall not be dismissed because the trial record is missing, incomplete or in error no matter who is responsible, and the court may remand the case either for retrial or for correction of the record. An appeal shall not be dismissed because of any other irregularity, error or defect unless it is imputable to the appellant. Except as provided in Article 2162, a motion to dismiss an appeal because of any irregularity, error, or defect which is imputable to the appellant must be filed within three days, exclusive of holidays, of the return day or the date on which the record on appeal is lodged in the appellate court, whichever is later.