JjPICKETT, Judge.
The Plaintiff, L.D. Spears, Jr., appeals the trial court’s declaratory judgment decreeing that the Defendant, the Beauregard Parish School Board, removed his status as a tenured principal, but allowed him to maintain his status as a tenured teacher. For the following reasons, we affirm.
FACTS
This appeal arises from a suit for declaratory judgment and injunctive relief brought by the Plaintiff, L.D. Spears, Jr., against the Defendant, the Beauregard Parish School Board (the Board). Mr. Spears was originally hired as a teacher by the Board, and he subsequently received tenure as a teacher. Thereafter, he was | {¡promoted to assistant principal, where he *672 also obtained tenure after serving in the position for more than three years. On July 1, 1985, Mr. Spears was promoted to the position of principal of East Beauregard School. He gained tenure as principal after serving in the position for more than three years.
On January 12-18, 1998, the Board conducted a tenure hearing concerning Mr. Spears’ status. The Board concluded that Superintendent Dr. F. Gary Brewer met his burden of proof on four of seven charges brought against Mr. Spears. The Board further concluded that the findings of fact supported a charge of dishonesty and decided that disciplinary action should be taken against Mr. Spears. Superintendent Brewer recommended that the Board relieve Mr. Spears of his principal tenure and his teacher tenure. The Board unanimously rejected this recommendation. Subsequently, the Board took the following actions: (1) placed Mr. Spears on administrative leave from January 18, 1998, through August 3, 1998, with full principal’s pay; (2) authorized Superintendent Brewer to offer Mr. Spears a teaching position at the teacher’s salary schedule at any school besides East Beauregard School effective August 4, 1998; (3) authorized Superintendent Brewer to designate an acting principal effective January 18, 1998; and (4) authorized Superintendent Brewer to begin advertising for a principal at East Beauregard School effective August 4, 1998.
On February 23, 1998, Mr. Spears filed a petition for declaratory judgment and injunctive relief against the Board. The Board filed a declinatory exception of lis pendens, and dilatory exceptions of unauthorized use of a summary proceeding, no cause of action and vagueness on April 7, 1998. The trial court granted the exception of no cause of action as it related to the individual school board members, found the exception of vagueness moot and denied the other exceptions on June 17, 1998, prior |3to the beginning of the hearing on the matter. Following the hearing, on July 31, 1998, the trial court issued written reasons, finding “that the Board elected [in the language of LSA-R.S. 17:443(B) ] remove Mr. Spears from his office as principal of East Beauregard, but not remove him as a permanent teacher in the Beauregard Parish School system.” The trial court further denied Mr. Spears’ request for an injunction. An amendment to the written reasons was filed on August 5, 1998, and a judgment reflecting the written reasons was subsequently filed on August 7, 1998. Mr. Spears now appeals.
OPINION
In his appeal, Mr. Spears alleges that “[t]he trial court erred in declaring that the Board remove[d] Mr. Spears from his position as tenured principal and demoted him to the position of a classroom teacher with concomitant teacher’s pay in accordance with [La.]R.S. 17:443.” Mr. Spears specifically argues that the Board did not remove him from his position as principal of East Beauregard School.
Declaratory Judgment
La.Code Civ.P. art. 1871 provides:
Courts of record within their respective jurisdictions may declare rights, status, and other legal relations whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for; and the existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate. The declaration shall have the force and effect of a final judgment or decree.
We have previously discussed the applicability of declaratory judgments in Liberto v. Rapides Parish Police Jury, 95-456, p. 6-7 (La.App. 3 Cir. 11/2/95); 667 So.2d 552, 555-556 (citations omitted):
The trial court may refuse to render a declaratory judgment if the judgment would not end the uncertainty or controversy giving rise to the proceeding. *673 When a declaratory judgment would terminate the uncertainty or controversy, the trial court must render such judgment. _J:iThe trial judge may choose or refuse to render a declaratory judgment which would not end the uncertainty. The trial court is vested with wide discretion in deciding whether to give or refuse declaratory relief ...
Appellate courts, as well as the trial court, are granted broad discretionary power to determine whether declaratory relief may be appropriate in a particular suit. On appeal, the scope of our appellate review is a determination of whether or not the trial judge abused his discretion by granting or refusing to render a declaratory judgment.
Teacher Tenure Law
La.R.S. 17:443, which examines the procedure for the removal of teachers, provides:
A. A permanent teacher shall not be removed from office except upon written and signed charges of willful neglect of duty, or incompetency or dishonesty, or of being a member of or contributing to any group, organization, movement or corporation that is by law or injunction prohibited from operating in the state of Louisiana, and then only if found guilty after a hearing by the school board of the parish or city, as the case may be, which hearing may be private or public, at the option of the teacher. At least twenty days in advance of the date of the hearing, the superintendent with approval of the school board shall furnish the teacher with a copy of the written charges. Such statement of charges shall include a complete and detailed list of the specific reasons for such charges and shall include but not be limited to the following: date and place of alleged offense or offenses, names of individuals involved in or witnessing such offense or offenses, names of witnesses called or to be called to testify against the teacher at said hearing, and whether or not any such charges previously have been brought against the teacher. The teacher shall have the right to appear before the board with witnesses in his behalf and with counsel of his selection, all of whom shall be heard by the board at said hearing. For the purpose of conducting hearings hereunder the board shall have the power to issue subpoenas to compel the attendance of all witnesses on behalf of the teacher. Nothing herein contained shall impair the right of appeal to a court of competent jurisdiction.
B. If a permanent teacher is found guilty by a school board, after due and legal hearing as provided herein, on charges of willful neglect of duty, or of incompetency, or dishonesty, or of being a member of or contributing to any group, organization, movement or corporation that is by law or injunction prohibited from operating in the state of Louisiana, and ordered removed from office, or disciplined by the board, the superintendent with approval of the board shall furnish to the teacher a written statement of recommendation of removal or discipline, which shall include but not be limited to the exact reason(s), offense(s) or instance(s) upon which the recommendation is based. Such teacher | Bmay, not more than one year from the date of the said finding, petition a court of competent jurisdiction for a full hearing to review the action of the school board, and the court shall have jurisdiction to affirm or reverse the action of the school board in the matter. If the finding of the school board is’ reversed by the court and the teacher is ordered reinstated and restored to duty, the teacher shall be entitled to full pay for any loss of time or salary he or she may have sustained by reason of the action'of the said school board.
The Louisiana Supreme Court discussed the purpose of the Teacher Tenure Law in Rousselle v. Plaquemines Parish School *674 Board, 93-1916, p. 6-9 (La.2/28/94); 633 So.2d 1235, 1241-1242 (citations omitted):
The Teacher Tenure Law (TTL), originally enacted by Act 100 of 1922 and amended and reenacted by Acts 58 and 79 of 1936, defines the status of Louisiana’s public school teachers and outlines the procedures a school board must follow to discharge them. The TTL gives to Louisiana’s public school system teachers tenure in office and arms these permanent teachers with a shield protecting them against discharge, suspension or demotion for causes other than those provided by statute. The motivation of the TTL, as amended in 1936, is the protection of teachers against political vengeance and reprisals. Its provisions are liberally construed by Louisiana courts in favor of teachers, as they are its intended beneficiaries.
The purpose of TTL is to insure teachers with security in the position, grade or status they have attained, and not merely to insure them with teaching employment. It was intended to protect worthy teachers from “enforced yielding to the political preferences of those theretofore having the power to grant or withhold employment to them; and to vouchsafe to such teachers employment, after a long term of satisfactory service to the public, regardless of the vicissitudes of politics or the likes or dislikes of those charged with the administration of school affairs.”
Under the Teacher Tenure Law, the term “teacher” includes principals. La.R.S. 17:441(1); Rousselle, 633 So.2d 1235.
In the instant case, the trial court concluded that Mr. Spears had been removed from the position of principal. In reaching this conclusion, the trial court stated:
It is apparent to the Court from a reading of the motions of the Board in the context of the entirely [sic] of the Board’s actions that they felt that the recommendation of the Superintendent to remove “tenure” or permanent employee status both as principal and teacher was excessive. The Board was not willing to terminate all employment for IfiMr. Spears under the circumstances of this case. As the recommendation was presented to them in the conjunctive and not the disjunctive or a combination of the conjunctive and the disjunctive (as in ‘and/or’), they had no choice except to reject the recommendation of the Superintendent as presented, given their intention as manifested by their ultimate choice of discipline. Their choice instead was to offer him a teaching position at ‘the Beauregard Parish School Board teacher salary schedule.’ Unless his tenure (or in the language of the statute his status as a permanent principal) is terminated as part of the discipline imposed, they cannot pay him in accordance with the teacher salary schedule. The fact that the motion specifically orders him paid in accordance with the teacher salary schedule and subsequent motion directs the Superintendent to begin advertising for a replacement principal effective August 4, 1998, makes it abundantly clear to the Court that the Board elected to [in the language of LSA-R.S. 17:443(B) ] remove Mr. Spears from his office as principal of East Beauregard, but not remove him as a permanent teacher in the Beauregard Parish School system. Clearly the Board had the authority to discipline Mr. Spears in this fashion, once it found dishonesty. To read the actions in any other fashion would make no sense. All of its actions prior to the questioned motions clearly indicate that the Board had every intention of according Mr. Spears the due process required by the statute. The Board is entitled to the presumption that it intended to act within the law as it was directed.
(Emphasis ours).
Mr. Spears argues that “[t]he inescapable conclusion is that in order to demote an employee, the [B]oard must first act to remove the employee from his existing position prior to appointing him to a *675 position of lower rank, dignity and compensation.” Mr. Spears further argues that the trial court’s conclusion that the Board’s action of offering Mr. Spears a teaching position implied both a removal from tenured position and a demotion to a lower position is erroneous since implicit action is not condoned by the Teacher Tenure Law.
La.R.S. 17:443(B) provides that if a teacher is found guilty of one of the named offenses, he can be ordered removed from office or disciplined. “Removal from office” applies to demotion or reduction of salary as well as to discharge or dismissal. Palone v. Jefferson Parish Sch. Bd., 306 So.2d 679 (La.1975); State ex rel. McNeal v. Avoyelles Parish Sch. Bd., 199 La. 859, 7 So.2d 165 (1942).
|7Upon reviewing the entire record, we find that the Board properly followed procedural provisions for removal under the La.R.S. 17:443. For a valid removal from office to occur, the Board must order that Mr. Spears be either (1) fired or (2) demoted from his position as principal. The Board passed motions placing Mr. Spears on administrative leave and authorizing an offer to Mr. Spears for a teaching position at the teacher’s salary pay schedule following his administrative leave. The Board clearly demoted Mr. Spears from his position as principal. The Board clearly revoked his tenure status as principal but not as a teacher. A review of the disciplinary actions taken by the Board can lead to no other conclusion.
DISPOSITION
For the foregoing reasons, the judgment of the trial court declaring that Mr. Spears had been removed from his position as a tenured principal is hereby affirmed. All costs of this appeal are assessed to the Plaintiff-Appellant, L.D. Spears, Jr.
AFFIRMED.