hPICKETT, Judge.

FACTS

L.D. Spears, Jr. served as principal of _ East Beauregard School, which is part of the Beauregard Parish school system. In accordance with the provisions of La.R.S. 17:443, Mr. Spears was subjected to a tenure hearing conducted by the Beauregard Parish School Board (BPSB). The hearing lasted six (6) days, from January 12, 1998, through January 18, 1998. A certified court reporter recorded the proceedings. At the conclusion of the hearing, the BPSB removed Mr. Spears from his position as principal of East Beauregard School for dishonesty. The BPSB placed Spears on administrative leave from January 18, 1998, through August 3, 1998, with full principal’s pay and offered Spears a teaching position following his leave.
Spears filed a suit for declaratory judgment and injunctive relief in the Thirty-Sixth Judicial District Court asking the court to enjoin the BPSB from filling his former position as principal. The trial court denied Spears’ claim. This court affirmed the ruling of the trial court, and writs were denied by the Louisiana Supreme Court. Spears v. Beauregard Parish School Board, 98-1604 (La.App. 3 Cir. 3/31/99); 732 So.2d 671, writ denied, 99-1270 (La.6/18/99), 745 So.2d 608.
On October 1, 1998, Spears appealed the decision of the BPSB by filing suit in the Thirty-Sixth Judicial District Court. The trial court signed an order, dated October 4, 1998, which ordered that, “the original record and transcript, together with all filings and exhibits made before and during the removal hearing held from January 12 through January 18, 1998, be produced and filed herein by the Beauregard Parish School Board within thirty (30) days from this date.”
No further activity appears in the record until December 12, 2001, when the petitioner filed a Motion and Order to Fix for Trial. This motion was denied by the | atrial court on January 16, 2002. The trial judge, in denying the request, noted, “This *1158 is a request for review of administrative hearing. Court review in such cases is based upon record of case and transcript of hearing. No trial date is necessary. Court will review matter when transcript is filed. Trial de novo not authorized.”
Following a telephone conference between the parties and the court, the plaintiff filed a Motion For School Board To Pay Transcript Costs. The defendant, BPSB, filed a Motion To Set Aside Ex Parte Order. An order was signed setting aside the order of October 4, 1998, which ordered the BPSB to produce the transcript of the hearing. A contradictory hearing was held on April 25, 2002, to determine which party was responsible for paying for the transcript.
Adopting the provisions of La.Code Civ.P. art. 2126, the trial court ordered the plaintiff to post a deposit equal to the estimated costs, including the cost of the transcript, which is estimated to be $10,000.00, within twenty (20) days of notice with the Clerk of Court or suffer dismissal.
The plaintiff seeks supervisory writs from the trial court’s ruling, requesting this court reverse the ruling of the trial court and order the BPSB to pay for the cost of transcribing the hearing and for the costs of the filing of said transcript.

DISCUSSION

The relator’s argument is two-fold:
1) The relator argues that the trial court erred in holding him responsible for paying the cost of transcribing and filing the record and transcript of BPSB’s removal hearing with the district court; and
2) The trial court erred in holding that the Code of Civil Procedure articles governing appellate procedure are applicable to suits initiated in the district court as appeals from administrative hearings.
The trial court relied on La.Code Civ.P. art. 2126 in determining that Mr. | ¡¡Spears was responsible for the cost of transcribing the proceedings, reasoning that since the trial court sits strictly as a reviewing court regarding the outcome of administrative hearings, the party asking for the appeal is responsible for the costs. The trial court’s reliance on the articles governing appellate procedure is misplaced.
Rules of procedure governing appeals are set forth in Louisiana Code of Civil Procedure, Book III, Articles 2081-2167. La.Code Civ.P. art.2081 provides, “The provisions of this Title are applicable to all appeals to the supreme court and the courts of appeal, except as otherwise provided by law.” La.Code Civ.P. art.2082 further provides, “Appeal is the exercise of the right of a party to have a judgment of a trial court revised, modified, set aside, or reversed by an appellate court.”
We agree that, in the instant matter, the trial court sits in review over the actions of the school board. Accordingly, in that sense, the petition before the trial court is an ‘appeal.’ However, since the petitioner is not entitled to de novo review, it is not an appeal as contemplated by the law to which the provisions of Book III of the Louisiana Code of Civil Procedure would be applicable. Articles 2081 and 2082 clearly state these provisions to be applicable to appeals to the supreme court and the courts of appeal sitting in review of a judgment of a trial court or a lower appellate court. As the code is specific as to the applicability of the provisions of Book III, those articles cannot be applied to district court proceedings, whether the district court is sitting as a finder of fact or as court of review regarding the actions of an administrative agency.
Accordingly, we conclude the trial court erred in determining Mr. Spears was responsible for the costs of transcribing the *1159 proceedings pursuant to the provisions of La.Code Civ.P. art. 2126.
|4Mr. Spears filed a petition for appeal of the actions of the BPSB, taken pursuant to La.R.S. 17:443.
This statutory provision outlines the procedure which must be adhered to when determining whether a permanent teacher should be removed from office. The statute provides that any teacher who is found guilty of charges brought under the statute and is either removed from office, or disciplined by the school board, has a right of review to a court of competent jurisdiction for a full hearing to review the actions of the school board. The court may affirm or reverse the actions of the school board.
Our jurisprudence is clear as to the standard and scope of the trial court’s review. When an administrative agency or hearing body is the trier of fact, the reviewing court will not review the evidence before such a body except for the following purposes: (1) to determine if the hearing was conducted in accordance with the authority and formalities of the statute; (2) to determine whether or not the fact findings of the body were supported by substantial evidence; and, (3) to determine whether or not the hearing body’s conclusions from these factual findings were arbitrary or constituted an abuse of the hearing body’s discretion. Roberts v. Rapides Parish School Board, 617 So.2d 187 (La.App. 3 Cir.) writ denied, 619 So.2d 1068 (La.1993). “The reviewing court must neither substitute its judgment for the judgment of the school board nor interfere with the board’s good faith exercise of discretion.” Bernard, v. Avoyelles Parish School Bd., 93-534, p. 4 (La.App. 3 Cir. 2/16/94); 640 So.2d 321, 324.
Mr. Spears maintains that for an appeal such as is set forth above, the school board bears the burden of proving that it acted in accordance with the law in conducting the removal hearing and, therefore, the school board must pay the cost of | .¡transcribing and filing the record of that hearing.
The purpose of R.S. 17:442 is to protect teachers, giving them greater security in their employment. Fleming v. Concordia Parish School Board, 275 So.2d 795 (La.App. 3 Cir.), writ denied, 279 So.2d 204 (La.1973). The language in the statute clearly states that when a trial court reviews a matter under R.S. 17:442, it is reviewing the actions of the school board. Although it is the disciplined teacher who must initiate trial court proceedings within the one year prescriptive period provided in the statute, it is the school board who must satisfy the trial court that the hearing was conducted in accordance with the authority and formalities of the statute; there was substantial evidence presented to support the school board’s findings of fact, and the action taken by the school board as a result of these factual findings was neither arbitrary nor an abuse of the school board’s discretion. It would be extremely difficult if not impossible, for the school board to establish for the trial court that it acted in accordance with the provisions of La.R.S. 17:443 unless the school board produces for the court the entire record of that proceeding, including the transcript. Thus, it becomes the school board’s responsibility to pay for the transcription of the proceeding and the filing of the record into the trial court proceeding.
If the action of the school board is affirmed by the district court, the plaintiff could ultimately be responsible for reimbursing the school board’s costs under the provisions of La.Code Civ.P. art.1920. It is the responsibility of the school board, however, to produce the transcript as part of their record and the school board must, *1160 at least initially, bear the cost of the production of its record.
WRIT GRANTED.