848 So.2d 540 (2003)
L.D. SPEARS, Jr.
v.
BEAUREGARD PARISH SCHOOL BOARD.
No. 2002-CC-2870.
Supreme Court of Louisiana.
June 27, 2003.
*541 David W. Burton, District Attorney, Counsel for Applicant.
James I. Funderburk, Abbeville, Nancy Dunning, Counsel for Respondent.
Sanettria R. Glasper, Robert L. Hammonds, Baton Rouge, Counsel for Louisiana School Board Association.
VICTORY, J.
At issue in the case is whether the school board or the teacher must pay the cost of preparation of the transcript of a teacher removal hearing held pursuant to La. R.S. 17:443, when the teacher seeks review of the action of the school board before the district court. After reviewing the record and the applicable law, we reverse the judgment of the court of appeal and hold that the teacher is responsible for these costs.

FACTS AND PROCEDURAL HISTORY
Plaintiff, L.D. Spears, Jr. ("Spears"), formerly served as principal of East Beauregard School, which is part of the Beauregard Parish school system. Spears was subject of a removal hearing before the Beauregard Parish School Board (the "School Board") from January 12, 1998, through January 18, 1998, conducted in accordance with La. R.S. 17:443. After reviewing documentary evidence and hearing the testimony of numerous witnesses, the School Board found that Spears had committed four acts of dishonesty and directed that Spears be removed as principal. The School Board also placed Spears on administrative leave, at full pay, through August 3, 1998, and instructed the Superintendent of the Beauregard Parish school system to offer Spears a teaching position at any school in Beauregard Parish, except East Beauregard School, at teacher's pay, beginning August 4, 1998. Spears is now teaching math at the high school level at South Beauregard School.
On February 23, 1998, Spears filed a suit for declaratory judgment and injunctive relief in the district court asking that the School Board be enjoined from filling his position as principal. The trial court rejected Spears' claim, the Third Circuit Court of Appeal affirmed that ruling, and this Court denied Spears' writ application. Spears v. Beauregard Parish School Board, 98-1604 (La.App. 3 Cir. 3/31/99), 732 So.2d 671, writ denied, 99-1270 (La.6/18/99), 745 So.2d 608. Thereafter, Spears filed a "Petition for Appeal from LSA R.S. 17:443 Removal Hearing" in the district court on October 1, 1998. As prayed for in the petition, the trial court signed an order directing the School Board to produce and file the transcript of the removal hearing with the trial court within thirty days. This was not done and no further pleadings were filed until Spears filed a "Motion and Order to Fix for Trial" on December 12, 2001, which the trial court denied on January 16, 2002 as follows:
Request for trial date denied. This is request for review of administrative hearing. Court review in such cases is based upon record of case and transcript of hearing. No trial date is necessary. Court will review matter when transcript is filed. Trial de novo not authorized.
On March 7, 2002, Spears filed a "Motion for School Board to Pay Transcript Costs," which was set for hearing on April 25, 2002. The Board filed a "Motion to Set Aside Ex Parte Order" directed at the order previously signed by the trial judge ordering the School Board to produce and file the transcript. At this point, the School Board had voluntarily provided and paid a certified court reporter to record *542 Spears' removal hearing and had already paid the court reporter $3,140.00 for attending and transcribing the School Board's findings and decision. The estimated cost of transcribing the remaining portion of the hearing, including the testimony adduced at the hearing, is $10,000.00. At the April 25, 2002, hearing, the trial court denied Spears' motion and at the School Board's request, set a schedule for the perfection of Spears' appeal. The trial court adopted the provisions of La. C.C.P. art. 2126, requiring that Spears, as the appellant, post a deposit equal to the estimated costs, including the cost of the preparation of the transcript, with the clerk of court. Spears was ordered to post these costs within twenty days of the notification thereof or suffer dismissal of his suit.
On Spears' application, the court of appeal rendered a decision reversing the trial court's judgment and holding the School Board responsible for paying the advanced costs of the transcript to be filed in the trial court. Spears v. Beauregard Parish School Board, 02-515 (La.App. 3 Cir. 10/30/02), 829 So.2d 1156. The court of appeal, in reversing the trial court, reasoned as follows:
Although it is the disciplined teacher who must initiate trial court proceedings within the one year prescriptive period provided in the statute, it is the school board who must satisfy the trial court that the hearing was conducted in accordance with the authority and formalities of the statute; that there was substantial evidence presented to support the school board's findings of fact, and the action taken by the school board as a result of these factual findings was neither arbitrary nor an abuse of the school board's discretion. It would be extremely difficult, if not impossible, for the school board to establish for the trial court that it acted in accordance with the provisions of La. R.S. 17:443 unless the school board produces for the court the entire record of that proceeding, including the transcript. Thus, it becomes the school board's responsibility to pay for the transcription of the proceeding and the filing of the record into the trial court proceeding.
Id. at 1159. We granted the School Board's writ application to consider the correctness of that ruling. Spears v. Beauregard Parish School Board, 03-2870, 836 So.2d 82 (La.2/7/03).

DISCUSSION
"The Teacher Tenure Law ("TTL"), originally enacted by Act 100 of 1922 and amended and reenacted by Acts 58 and 79 of 1936, defines the status of Louisiana's public school teachers and outlines the procedures a school board must follow to discharge them." Wright v. Caldwell Parish School Bd., 98-1225 (La.3/2/99), 733 So.2d 1174, 1175 (citing Rousselle v. Plaquemines Parish School Bd., 93-1916 (La.2/28/94), 633 So.2d 1235, 1241 and other related cases). Under the TTL, permanent teachers are entitled to strict substantive and procedural protections before they can be removed from office, including specific enumerated grounds for discharge, a hearing by the school board prior to discharge, and judicial review of the school board action. Id. For purposes of the TTL, a "teacher" is an employee of the parish school board, including a principal, who holds a teacher's certificate and whose legal employment requires such certificate. Rousselle, supra.[1]
*543 La. R.S. 17:443 provides the procedure for removal of a permanent or tenured teacher:
A. A permanent teacher shall not be removed from office except upon written and signed charges of willful neglect of duty, or incompetency or dishonesty, or of being a member of or contributing to any group, organization, movement or corporation that is by law or injunction prohibited from operating in the state of Louisiana, and then only if found guilty after a hearing by the school board of the parish or city, as the case may be, which hearing may be private or public, at the option of the teacher. At least twenty days in advance of the date of the hearing, the superintendent with approval of the school board shall furnish the teacher with a copy of the written charges. Such statement of charges shall include a complete and detailed list of the specific reasons for such charges and shall include but not be limited to the following: date and place of alleged offense or offenses, names of individuals involved in or witnessing such offense or offenses, names of witnesses called or to be called to testify against the teacher at said hearing, and whether or not any such charges previously have been brought against the teacher. The teacher shall have the right to appear before the board with witnesses in his behalf and with counsel of his selection, all of whom shall be heard by the board at said hearing. For the purpose of conducting hearings hereunder the board shall have the power to issue subpoenas to compel the attendance of all witnesses on behalf of the teacher. Nothing herein contained shall impair the right of appeal to a court of competent jurisdiction.
B. If a permanent teacher is found guilty by a school board, after due and legal hearing as provided herein, on charges of willful neglect of duty, or of incompetency, or dishonesty, or of being a member of or contributing to any group, organization, movement or corporation that is by law or injunction prohibited from operating in the state of Louisiana, and ordered removed from office, or disciplined by the board, the superintendent with approval of the board shall furnish to the teacher a written statement of recommendation of removal or discipline, which shall include but not be limited to the exact reason(s), offense(s) or instance(s) upon which the recommendation is based. Such teacher may, not more than one year from the date of the said finding, petition a court of competent jurisdiction for a full hearing to review the action of the school board, and the court shall have jurisdiction to affirm or reverse the action of the school board in the matter. If the finding of the school board is reversed by the court and the teacher is ordered reinstated and restored to duty, the teacher shall be entitled to full pay for any loss of time or salary he or she may have sustained by reason of the action of the said school board. (Emphasis added.)
Thus, in accordance with La. R.S. 17:443(B), a permanent teacher who is found guilty by a school board after a removal hearing may petition a court of competent jurisdiction for a full hearing to review the action of the school board. However, while La. R.S. 17:443 specifies some rules of procedure to be utilized at removal hearings, the statute is silent as to which party pays the costs of transcribing the removal hearing. In fact, La. R.S. 17:443 contains no requirement that a transcript of the removal hearing be made, even though in some cases, the transcript of the proceedings will be the only record *544 or evidence that the trial court has before it to review.[2]
While not addressing the precise issue before us, courts have interpreted the district court's authority in reviewing a school board's decision under La. R.S. 17:433 and today, in Wise v. Bossier Parish School Board, we discussed that authority as follows:
In Howell v. Winn Parish School Bd., 332 So.2d 822 (La.1976), we held that judicial review of tenure proceedings must be limited to an inquiry of whether the School Board complied with the statutory formalities under Louisiana's Teacher Tenure Law and whether the School Board's findings were supported by substantial evidence ... In conducting such an examination, the district court must give great deference to the school board's findings of fact and credibility. Arriola v. Orleans Parish Sch. Bd., 01-1878 (La.2/26/02), 809 So.2d 932, 941. Reasons for dismissal are largely in the sound discretion of the school board. Gaulden v. Lincoln Parish School Board, 554 So.2d 152, 157 (La.App. 2 Cir.1989), writ denied, 559 So.2d 126 (La.1990). Thus, the school board's judgment should not be reversed in the absence of a clear showing of abuse of discretion. Id. ...
The district court may not substitute its judgment for that of the school board or interfere with the school board's good faith exercise of discretion. Howard, 793 So.2d at 153; McLaughlin v. Jefferson Parish School Board, 560 So.2d 585 (La.App. 5 Cir.1990); Sampson v. Lincoln Parish School Board, 439 So.2d 454 (La.App. 2 Cir.1983). The district court's responsibility in such a case is to determine whether the school board's action was supported by substantial evidence, or conversely, constituted an arbitrary decision and thus an abuse of discretion. Howell, 332 So.2d at 825; Roberts v. Rapides Parish School Board, 617 So.2d 187, 190 (La.App. 3 Cir.), writ denied, 619 So.2d 1068 (La. 1993). As with the district court, a court of appeal may not reverse the decision of a district court unless it finds the school board's termination proceedings failed to comply with statutory formalities and/or the school board's findings were not supported by substantial evidence. Wiley [v. Richland Parish School Bd., 476 So.2d 439, 442 (La.App. 2 Cir.1985) ]; Cook v. Natchitoches Parish Sch. Bd., 342 So.2d 702 (La.App. 3 Cir.), writ denied, 345 So.2d 52 (La. 1977); Mims v. West Baton Rouge Parish Sch. Bd., 315 So.2d 349 (La.App. 1 Cir.1975).
Wise v. Bossier Parish School Board, 02-1525, 851 So.2d 1090, 1094-95, 2003 WL 21480271 (La.6/27/03), Slip Op. at pp. 6-7. Significantly, we noted that review by the district court under La. R.S. 17:443 "is an instance where both the district court and the court of appeal sit as appellate courts in reviewing school board decisions." Id. at p. 7, n. 5, at 1095, n. 5. (Citing Allo v. Horne, 95-713 (La.App. 5 Cir. 3/13/96), 672 So.2d 961, writ denied, 96-1554 (La.9/27/96), 679 So.2d 1352 and see also Muggivan v. Jefferson Parish Sch. Bd., 583 So.2d 1157 (La.App. 5 Cir.), writ denied, 590 So.2d 66 (La.1991)).
*545 In an ordinary civil appeal, La. C.C.P. art. 2126 clearly provides that the appellant must pay the estimated costs of the appeal, including "the fee of the court reporter for preparing the transcript and the filing fee required by the appellate court." Accordingly, the trial court analogized Spears to an "appellant" under La. C.C.P. art. 2126 and ordered him to pay the costs of transcribing the record in this case.
We agree with the trial court's application of La. C.C.P. art. 2126 to the facts of this case. While we recognize the rules of appellate procedure found in La. C.C.P. arts. 2081 et seq. "are applicable to all appeals to the supreme court and the courts of appeal, except as otherwise provided by law," La. C.C.P. art. 2081, as we explained in Wise, "both the district court and the court of appeal sit as appellate courts in reviewing school board decisions." Wise, supra at p. 7, n. 5, at 1095, n. 5. Because La. R.S. 17:443 provides no rules of procedure contrary to those contained in Article 2126,[3] we see no inequity in applying this time-honored rule of appellate procedure to a district court review of a school board decision under La. R.S. 17:443. Furthermore, as recognized by the court of appeal, under La. C.C.P. 1920, a court can award costs to the prevailing party; thus, if Spears is successful in having the school board's decision reversed, the School Board may ultimately be cast for these transcription fees and other costs.[4]
Finally, the School Board, as well as the Louisiana School Boards Association as amicus, articulate several policy reasons why the teacher should be responsible for these costs. First, they argue that imposing court reporting and transcription costs on school boards each time that employees choose to appeal actions taken against them following tenure hearings will substantially diminish the funds available to school systems for the provision of educational services to children. Second, it would have a chilling effect on school boards considering such hearings since they would know that, no matter how incompetent, dishonest, or neglectful of a duty an employee might be, they would still have to bear the substantial expense of preparing the administrative record if the employee chooses to appeal disciplinary action taken against him at said hearing. Thus, they argue, the decision of the court of appeal discourages public school systems from taking the actions necessary to dismiss and/or discipline tenured employees who have not been performing satisfactorily or who may have been guilty of acts of dishonesty or willful neglect of duty. We agree that, while not necessarily present in this case, these policy reasons expressed by the School Board favor the teacher paying the costs of transcription of the removal hearing if he or she chooses to *546 have that decision reviewed by a trial court under La. R.S. 17:443.

CONCLUSION
The procedure for removal of a permanent or tenured teacher by a school board is governed by La. R.S. 17:443. Although that statute provides the procedures by which a teacher removed by a school board can seek review of that decision in a district court, it does not specify which party must pay the costs of transcribing the record at the removal hearing. As the district court sits as an appellate court in reviewing the actions of the school board at the removal hearing, we find that the provisions of La. C.C.P. 2126 apply and that the teacher, as the "appellant," bears the initial responsibility for paying the fee of the court reporter for preparing the transcript from the removal hearing. If the teacher is successful in his or her appeal, the school board may ultimately be liable for these transcription fees and costs under La. C.C.P. art. 1920.

DECREE
For the reasons expressed herein, the judgment of the court of appeal is reversed and the judgment of the trial court is reinstated. The case is remanded to the trial court for further proceedings.
REVERSED AND REMANDED.
JOHNSON, J., concurs in result.
NOTES
[1] La. R.S. 17:441(1) defines a teacher as "any employee of any parish or city school board who holds a teacher's certificate and whose legal employment requires such teacher's certificate." There is no dispute that Spears is covered by the provisions of the TTL.
[2] Although La. R.S. 17:443 provides for review by a court of competent jurisdiction and not a trial de novo, this Court has held that a discharged employee of a school board is allowed to present additional evidence to the district court. Howell v. Winn Parish School Board, 332 So.2d 822 (La.1976); Lewing v. DeSoto Parish School Board, 238 La. 43, 113 So.2d 462 (1959). The school board is not allowed to present additional evidence unless the teacher chooses to do so. Lewing, supra, 113 So.2d at 465. If the teacher chooses not to present additional evidence, then the appeal is decided on the basis of the record. Id.
[3] Contrast La. R.S. 49:964, which provides the procedural rules for judicial review of agency proceedings under the Administrative Procedure Act, and which states that a person aggrieved by a final decision of an agency adjudication may seek review in the district court and "the agency shall transmit to the reviewing court the original or a certified copy of the entire record of the proceeding under review. La. R.S. 49:964(D). Political subdivisions of the state are specifically excluded from the provisions of the Administrative Procedure Act. La. R.S. 49:951(2).
[4] La. C.C.P. art. 1920 provides:

Unless the judgment provides otherwise, costs shall be paid by the party cast, and may be taxed by a rule to show cause.
Except as otherwise provided by law, the court may render judgment for costs, or any part thereof, against any party, as it may consider equitable.