PITMAN, J.
1 plaintiff Jane S. Nickerson appeals the district court’s granting of a motion for summary judgment filed by Defendant Webster Parish School Board (“School Board”). For the following reasons, we affirm.
FACTS
In March 2008, Mrs. Nickerson, a tenured teacher at Shongaloo High School who taught sixth- and seventh-grade students, met with Webster Parish Superintendent Wayne Williams regarding deficiencies in her teaching practices and classroom management skills. Supt. Williams gave Mrs. Nickerson the option to retire or to have formal tenure charges brought against her. On March 20, 2008, Mrs. Nickerson submitted a handwritten letter stating that she “planfned] to retire on June 10, .2008.” Mrs. Nickerson was placed on paid administrative leave for the remainder of the school year.[1] On June 6, 2008, Mrs. Nickerson wrote a letter to Supt. Williams stating that she no longer intended to retire and requesting that she have the opportunity to continue teaching. As a result, Supt. Williams initiated a hearing process by recommending to the School Board that formal tenure charges be brought against Mrs. Nickerson. The School Board brought the following charges: Charge 1: Incompetency; Charge 2: Willful Neglect of Duty; *249 Charge 3: Willful Neglect of Duty; Charge 4: Willful Neglect of Duty and Incompetency; and Charge 5: Willful Neglect of Duty. The School Board scheduled a tenure hearing, and Supt. Williams | ¡notified Mrs. Nickerson of this hearing and provided her with a written copy of the charges against her.
At the October 20, 2008 tenure hearing, the School Board heard testimony from numerous witnesses and reviewed copious documentary evidence. At the conclusion of the hearing, the School Board found Mrs. Nickerson guilty of Charges 1, 2, 3 and 4 (incompeteney only). At the recommendation of Supt. Williams, the School Board terminated her employment by a unanimous vote of nine to zero.
On August 31, 2009, Mrs. Nickerson filed a petition alleging that her discharge from her teaching position violated La. R.S. 17:443, the Louisiana Teacher Tenure Law.[2] She stated that she was entitled to be reinstated with full pay for any loss of time or salary she sustained by reasons of the action of the School Board. Mrs. Nickerson argued that the actions of the School Board were arbitrary, capricious and/or an abuse of discretion and that her dismissal should be reversed.
On October 7, 2010, the School Board filed an answer and stated that Mrs. Nick-erson was afforded all procedural protections to which she was entitled by La. R.S. 17:443. The School Board also noted that Mrs. Nickerson resigned from her position and that she was terminated by a unanimous vote of the School Board. The School Board stated that the | ¡¡matter before the district court was to be an appeal from an administrative hearing and not a trial de novo.
On August 19, 2011, the School Board filed a motion for summary judgment. In support of this motion, it submitted several exhibits, including Mrs. Nickerson’s retirement letter, the School Board’s policy regarding resignation of employees, correspondence from Supt. Williams regarding Mrs. Nickerson’s placement on paid leave, correspondence from the School Board to Mrs. Nickerson regarding the charges against her and a photograph of prescription medication left unsecured on Mrs. Nickerson’s desk. In a memorandum in support of the motion for summary judgment, the School Board stated that the district court was to review the actions of the School Board, specifically whether the statutory formalities were complied with and whether the School Board’s findings were supported by substantial evidence. It argued that a review of its decision was unnecessary because Mrs. Nickerson resigned from her teaching position and could not rescind her resignation. The School Board explained that, after Mrs. Nickerson attempted to rescind her resignation, it initiated the hearing process out of an abundance of caution. The School Board stated that it fully complied with all of the statutory requirements of La. R.S. 17:443 and that its decision was based on substantial evidence and was not arbitrary, capricious or an abuse of discretion.
*250 On November 21, 2011, Mrs. Nickerson filed a memorandum in opposition to the motion for summary judgment. She stated that it was improper for the district court to weigh the affidavits and other evidence |4submitted in support or opposition of a motion for summary judgment. In an affidavit, Mrs. Nickerson gave her account of the tenure hearing, stating that it lasted from 6 p.m. to 4 a.m. She noted her participation in an intensive assistance program and defended her complained-of actions.
On December 12, 2013, the district court filed an opinion granting the School Board’s motion for summary judgment. The district court stated that the School Board properly followed the procedures set forth in La. R.S. 17:443. The court noted that the School Board presented the necessary paperwork and sufficient evidence to prove that Mrs. Nickerson had been neglectful and deficient in her teaching practices. The district court further found that Mrs. Nickerson failed to prove that the School Board did not comply with proper procedure or present sufficient evidence for her termination. The court also stated that Mrs. Nickerson resigned from her position and that her resignation was accepted by the School Board.
On February 3, 2014’, the trial court filed a judgment granting the School Board’s motion for summary judgment and dismissing the suit at Mrs. Nickerson’s cost.
Mrs. Nickerson appeals.
DISCUSSION
Mrs. Nickerson argues that the district court erred, as a matter of law, in granting the School Board’s motion for summary judgment and dismissing her action with prejudice at her cost. Specifically, she contends that the district court committed the following errors:
1. Affirming a discharge that was in violation of La. R.S. 17:443.
_|2. By affirming a discharge where plaintiff was not provided with “a written statement of recommendation of removal or discipline, which included the exact reasons, offenses, or instances upon which the recommendation was based.”
3. Plaintiff was not “ordered removed from office or disciplined by the board.”
4. By affirming the discharge when the notification in this matter did not indicate any discipline of any nature reference charge 5.
5. By affirming a discharge when the letter dated October 23, 2008, did not correspond with the charges in this matter.
6. By affirming the discharge where defendant school board did not prove the validity of any of the charges in question.
Mrs. Nickerson claims that the district court improperly weighed affidavits and other evidence in this case. She argues that the School Board clearly abused its discretion in terminating her employment. Regarding her letter stating her intent to retire, she differentiates between resigning and planning to resign and suggests that a plan to resign cannot be accepted.
The School Board argues that the district court did not err in granting its motion for summary judgment, that it did not abuse its discretion and that it presented sufficient evidence to support its decision to terminate Mrs. Nickerson’s employment. The School Board further argues that the district court did not err in finding that Mrs. Nickerson was properly discharged in accordance with La. R.S. 17:443 because it provided her with detailed written charges more than two months before the tenure hearing and notified her of *251 possible witnesses to be called at the tenure hearing.
The Louisiana Teacher Tenure Law, La. R.S. 17:441 et seq., defines the status of Louisiana’s public school teachers and outlines the procedures a school board must follow to discharge them. Spears v. Beauregard Parish Sch. Bd., 02-2870 (La.6/27/03), 848 So.2d 540, citing Wright v. Caldwell Parish Sch. Bd., 98-1225 (La.3/2/99), 733 So.2d 1174. A permanent or tenured teacher is one who holds proper certificates and who has served satisfactorily as a teacher in that parish or city for more than three consecutive years. La. R.S. 17:442.[3] La. R.S. 17:443 (2001) provides the procedure for the removal of a permanent or tenured teacher and states:
A. A permanent teacher shall not be removed from office except upon written and signed charges of willful neglect of duty, or incompetency or dishonesty, or of being a member of or contributing to any group, organization, movement or corporation that is by law or injunction prohibited from operating in the state of Louisiana, and then only if found guilty after a hearing by the school board of the parish or city, as the case may be, which hearing may be private or public, at the option of the teacher. At least twenty days in advance of the date of the hearing, the superintendent with approval of the school board shall furnish the teacher with a copy of the written charges. Such statement of charges shall include a complete and detailed list of the specific reasons for such charges and shall include but not be limited to the following: date and place of alleged offense or offenses, names of individuals involved in or witnessing such offense or offenses, names of witnesses called or to be called to testify against the teacher at said hearing, and whether or not any such charges previously have been brought against the teacher. The teacher shall have the right to appear before the board with witnesses in his behalf and with counsel of his selection, all of whom shall be heard by the board at said hearing. For the purpose of conducting hearings hereunder the board shall have the power to issue subpoenas to compel the attendance of all witnesses on behalf of the teacher. Nothing herein contained shall impair the right of appeal to a court of competent jurisdiction.
B. If a permanent teacher is found guilty by a school board, after due and legal hearing as provided herein, on charges of willful neglect of duty, or of incompetency, or dishonesty, or of being a member of or contributing to any group, organization, |7movement or corporation that is by law or injunction prohibited from operating in the state of Louisiana, and ordered removed from office, or disciplined by the board, the superintendent with approval of the board shall furnish to the teacher a written statement of recommendation of removal or discipline, which shall include but not be limited to the exact reason(s), offense(s) or instance(s) upon which the recommendation is based. Such teacher may, not more than one year from the date of the said finding, petition a court of competent jurisdiction for a full hearing to review the action of the school board, and the court shall have jurisdiction to affirm or reverse the action of *252 the school board in the matter. If the finding of the school board is reversed by the court and the teacher is ordered reinstated and restored to duty, the teacher shall be entitled to full pay for any loss of time or salary he or she may have sustained by reason of the action of the said school board.
In accordance with La. R.S. 17:443(B), a permanent or tenured teacher who is found guilty by a school board after a removal hearing may petition a court of competent jurisdiction for a full hearing to review the action of the school board. Spears v. Beauregard Parish Sch. Bd., supra.
Judicial review of tenure proceedings must be limited to an inquiry of whether the school board complied with the statutory formalities under the Teacher Tenure Law and whether the school board’s findings were supported by substantial evidence. Wise v. Bossier Parish Sch. Bd., 02-1525 (La.6/27/0S), 851 So.2d 1090, citing Howell v. Winn Parish Sch. Bd., 332 So.2d 822 (La.1976). The district court must give great deference to the school board’s findings of fact and credibility. Id., citing Arriola v. Orleans Parish Sch. Bd., 01-1878 (La.2/26/02), 809 So.2d 932. Reasons for dismissal are largely in the sound discretion of the school board, and the school board’s judgment should not be reversed in the absence of a clear showing of abuse of discretion. Id., citing Gaulden v. Lincoln Parish Sch. Bd., 554 So.2d 152 (La.App. 2d Cir.1989), unit denied, 559 So.2d 126 |8(La.l990), Furthermore, the district court may not substitute its judgment for that of the school board or interfere with the school board’s good faith exercise of discretion. Id., citing Howard v. W. Baton Rouge Parish Sch. Bd., 00-3234 (La.6/29/01), 793 So.2d 153, McLaughlin v. Jefferson Parish Sch. Bd., 560 So.2d 585 (La.App. 5th Cir.1990), and Sampson v. Lincoln Parish Sch. Bd., 439 So.2d 454 (La.App. 2d Cir.1983). The district court’s responsibility is to determine whether the school board’s action was supported by substantial evidence, or conversely, constituted an arbitrary' decision and thus an abuse of discretion. Id., citing Howell, supra, and Roberts v. Rapides Parish Sch. Bd., 617 So.2d 187 (La.App. 3d Cir.1993), writ denied, 619 So.2d 1068 (La.1993).
Similarly, a court of appeal may not reverse a district court’s decision unless it finds the school board’s termination proceedings failed to comply with statutory formalities and/or the school board’s findings were not supported by substantial evidence. Guirlando v. Richland Parish Sch. Bd., 48,970 (La.App.2d Cir.4/9/14), 137 So.3d 137, reh’g denied (5/8/14), citing Wise v. Bossier Parish Sch. Bd., supra.
An appellate court reviews a trial court’s granting of summary judgment de novo under the same criteria that govern the trial court’s consideration of whether summary judgment is appropriate. Schroeder v. Bd. of Sup’rs of La. State Univ., 591 So.2d 342 (La.1991). Summary judgment is properly granted if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that mover is entitled to | ¡¡.judgment as a matter of law. La. C.C.P. art. 966; Schroeder v. Bd. of Sup’rs of La. State Univ., supra; Shiers v. Richland Parish Sch. Bd., 39,649 (La.App.2d Cir.5/11/05), 902 So.2d 1173, unit denied, 05-1379 (La.12/9/05), 916 So.2d 1066.
Mrs. Nickerson was a tenured teacher pursuant to La. R.S. 17:442 with more than 25 years of service at the time of her termination. A review of the tenure hearing transcript and exhibits, the pleadings of both parties and Mrs. Nickerson’s affidavit demonstrates that the School *253 Board followed the procedural requirements of La. R.S. 17:448 when it terminated her employment. More than 20 days in advance of the date of the tenure hearing,[4] the School Board notified Mrs. Nickerson in writing of the tenure hearing and furnished her with a copy of the five charges against her. These written and signed charges of willful neglect of duty and/or incompetency detailed the dates and locations of the alleged offenses, the names of possible witnesses to testify against her at the hearing, specific reasons for the charges and whether .previous charges had been brought against her. Mrs. Nickerson appeared before the School Board at the tenure hearing with witnesses on her behalf and with counsel, all of whom were heard by the School Board at the hearing. After the testimony of witnesses and the examination of evidence at the tenure hearing, the School Board found Mrs. Nickerson to be guilty of Charges 1, 2, 3 and 4 (incompetency only). Supt. Williams recommended that she be terminated, and the nine members of the School Board present at the hearing unanimously voted to terminate |i0Mrs. Nickerson’s employment. Following the tenure hearing, Supt. Williams provided Mrs. Nickerson with a written statement of the outcome of the hearing, including the votes of the School Board on each of the five charges, and that the School Board voted to accept Supt. Williams’ recommendation to terminate her employment. Throughout the process of terminating Mrs. Nickerson’s employment, Supt. Williams and the School Board closely adhered to the procedural requirements of La. R.S. 17:443. Therefore, Mrs. Nickerson’s arguments that her discharge was in violation of La. R.S. 17:443 and that she was not provided with a written statement of recommendation of removal are unfounded.
A review of the tenure hearing transcript and exhibits, the pleadings of both parties and Mrs. Nickerson’s affidavit also confirms that the School Board’s findings are supported by substantial evidence. Numerous witnesses testified at the tenure hearing regarding the charges brought against Mrs. Nickerson. Regarding Charge 1 that Mrs. Nickerson failed to complete lesson plans, failed to keep her students on task and failed to maintain adequate classroom management and control, Shongaloo High School Principal Cindy Hair testified about a classroom observation of Mrs. Nickerson. Principal Hair detailed Mrs. Nickerson’s incomplete lesson plans, her unorganized classroom, her lack of evaluation methods and her failure to encourage student participation, Principal Hair explained that all of Mrs. Nick-erson’s students had a 100 percent average in her class and had only received completion grades. Principal Hair explained that this was troubling because the students’ work needed to be evaluated independently hfin order to measure their progress. Cathy Miller, an elementary supervisor, testified that she performed an additional observation a month after Principal Hair’s observation in which Mrs. Nickerson did not have written lesson plans and was unsatisfactory in her classroom management and overall teaching. Ms. Miller noted that the students did not understand the instructions in their assignments and that their behavior was “atrocious.”
Regarding Charge 2, that Mrs. Nicker-son failed to report to work on parent/teacher conference day, Principal Hair testified regarding Mrs. Nickerson’s absence. Principal Hair noted that it was *254 necessary for teachers to be present on parent/teacher conference day so that they could give out report cards and speak to parents about their children’s progress and problems in school. Principal Hair explained that teachers are instructed to notify the school if they are unable to come to school and stated that Mrs. Nickerson did not contact the school regarding her absence.
Regarding Charge 3, that Mrs. Nicker-son failed to fax in lesson plans as required by her participation in an intensive assistance plan, Principal Hair explained that, after an unsatisfactory classroom observation, Mrs. Nickerson was placed on an intensive assistance plan to help improve her lesson plans. Ms. Miller and Charlotte Dean, a staff development facilitator, provided extensive testimony about the intensive assistance program and the support provided to Mrs. Nickerson to improve her teaching. Ms. Dean explained that she graded the lesson plans Mrs. Nickerson submitted as part of the program and noted that h2Mrs. Nickerson never made a passing score on any of the grading rubrics and that her lesson plans were often turned in late.
Regarding Charge 4, that Mrs. Nicker-son left approximately six pills unsecured on top of her desk in an area that was easily accessible by students, Ms. Miller testified that she observed “a handful of medicine ... at least six pills and they appeared to be prescription drugs” on Mrs. Nickerson’s desk within the reach of students. Ms. Miller noted that she took a photograph of the pills with her cell phone and then asked Mrs. Nickerson about the pills. Jill Wadlington, the coordinator of the safe and drug free schools and communities program, testified that she met with Mrs. Nickerson regarding the pills and that Mrs. Nickerson told her the pills were Fluoxetine, Prozac, an anti-histimine, Omnicef (an antibiotic), Vera-pamil (blood pressure medication), Trama-dol (a pain medication) and Temazepam (a sleep aid). Ms. Wadlington stated that the presence of this medication in the classroom created a safety and health concern for the students. She explained that there is a general rule of conduct for employees concerning the well being and safety of students and a drug free workplace policy in place, both of which were violated by Mrs. Nickerson’s actions.
Regarding Charge 5, that Mrs. Nicker-son violated iLeap testing security policies, Phillip Carroll, a Shongaloo High School guidance counselor and iLeap testing administrator and supervisor, testified[5] that Mrs. Nickerson allowed students to leave the testing room with their test 11sbooklets. Mr. Carroll noted Mrs. Nickerson attended an in-service training workshop regarding iLeap test administration and security at which she was advised that test materials should never be left unattended. He explained that Mrs. Nickerson’s violation of test security directives could have resulted in invalidated test scores.[6]
During the tenure hearing, the School Board provided substantial evidence in support of its charges against Mrs. Nicker-son. The testimony heard and the documentary evidence reviewed by the School Board were sufficient to support their findings that Mrs. Nickerson violated Charges *255 1, 2, 3 and 4 (incompetency only) and to accept Supt. Williams’ suggestion of termination of employment. Accordingly Mrs. Nickerson’s argument that the School Board did not prove the validity of any of the charges in question is unfounded.
The School Board’s termination proceedings complied with statutory formalities, and its findings were supported by substantial evidence and were not arbitrary. Finding no genuine issues of material fact and no wrongful dismissal of Mrs. Nicker-son from her employment with the School Board, we find that the trial court did not err in granting the School Board’s motion for summary judgment. Furthermore, we note that Mrs. Nickerson’s termination by the School Board does not affect her ability to retire from the school system.[7]

^CONCLUSION

For the foregoing reasons, the judgment of the district court granting summary judgment in favor of Defendant Webster Parish School Board and against Plaintiff Jane S. Nickerson is affirmed. Costs of appeal are assessed to Jane S. Nickerson.
AFFIRMED.

. At the October 20, 2008 tenure hearing, Supt. Williams testified that he placed Mrs. Nickerson on paid leave from March 2008 until June 2008 because she needed two more months of service in order to retire.

. Specifically, Mrs. Nickerson asserted that she did not receive adequate information about the charges against her to be able to prepare her defense, she did not receive a list of witnesses that might be called to testify at her hearing, she did not receive proper notice, the School Board was prejudiced against her because it was aware of additional reprimands unrelated to the present charges, she did not receive a written statement of recommendation of removal or discipline, she was not ordered removed from office or disciplined by the School Board, the voting on one of the charges was unclear, the School Board did not prove the validity of any of the charges, she was not properly evaluated and her medical condition was not considered.

. The Teacher Tenure Law was amended by the Louisiana Legislature during the 2012 Regular Session. All of the events in this case, except for the district court’s ruling on the School Board’s motion for summary judgment, occurred prior to legislative changes in the law. Accordingly, this case is governed by the pre-2012 versions of La. R.S. 17:441, 442 and 443.

. The School Board notified Mrs. Nickerson of the hearing and charges against her in a letter dated August 6, 2008. The tenure hearing was originally scheduled for September 8, 2008.

. Principal Hair provided testimony consistent with Mr. Carroll's testimony regarding Mrs. Nickerson’s violation of iLeap test security regulations.

. Mr. Carroll testified that he reported the violation to the school principal and that the test scores were counted.

. Supt. Williams testified that Mrs. Nickerson was placed on paid administrative leave for the remainder of the 2007-2008 school year so that she would have the requisite 25 years of service to retire. Supt. Williams stated that Mrs. Nickerson could retire from the school system even if she was terminated following the tenure hearing. In a written letter confirming the School Board’s decision to terminate Mrs. Nickerson’s employment, Supt. Williams provided Mrs. Nickerson with contact information for the Louisiana Teacher Retirement System so that she could learn about her retirement benefits.